CHARLES PIPES *v.* ISAIAH GARRETT, Adm'r.

In an action against a party for the proceeds of certain *floats*, or pre-emption rights of settlers on the public lands, sold by him as agent for the plaintiff, the name of the settler, as well as the range, township, and section of the public land, on which the settlements were made, should be stated.

APPEAL from the Court of Probates for the parish of Ouachita, *Lamy*, J.

*Copley* and *Downs*, for the plaintiff and appellant.

Defendant, *in propria persona.*

MARTIN, J. This is an action against the estate of John M. Faulk for $1260, which the administrator declines allowing. The petition states, that the plaintiff claims from the said estate the proceeds of certain floats of the value of $1110, put into the hands of the deceased for sale, which were delivered to the latter, who undertook to dispose of them for the plaintiff's benefit, but for which he never rendered an account. The plaintiff further claims the amount of two notes, one for $50, due by S. Allen, and the other for $100,

due by S. Cheesborough, which the deceased also undertook to collect, and has never accounted for.

The defendant waived service of the petition, and admitted that these claims had been presented to him, but he had not thought himself authorized to allow them. There was judgment for the plaintiff for $45, and for the return of Cheesborough's note to him. The plaintiff appealed.

The sum of $45, for which judgment was given, is the proceeds of Allen's note, after deducting $5 for commission. The court of probates seems to have sustained the defendant's opposition to the plaintiff's claim for the floats, on account of the imperfect and indefinite manner in which it was set forth, not describing the floats as they might have been, by specifying the names of the persons who were the original settlers, and as such entitled to pre-emption rights, and also by stating the range, township and section on which the settlement was made. As these floats were *a hope,* (rather than a right,) which might be defeated by the inability of the purchaser to locate them, it was material, that the name of the settler should be given, for he was liable for the price he had received, if the purchaser failed in effecting a location.

It does not appear to us, that the court erred: especially as there is no other evidence of the plaintiff's claim respecting the floats, than a letter of the deceased, in which they are mentioned in a very vague manner.

The defendant amended his answer by a plea of the general issue; which required from the plaintiff full proof of his claim.

It appears to us however, that the rights of the plaintiff to the proceeds of these floats ought to be reserved to him, that they may be exercised hereafter, if he think proper.

It is therefore ordered, that the judgment of the court of probates be affirmed; reserving, however, the right of the plaintiff to claim the proceeds of the floats mentioned, in the same manner as if no suit had been brought; the costs of the appeal to be borne by the defendant and appellee.