# WHEELING.

## McKINNEY v. KIRK & BRO.

### July 17, 1876.

1876.
June Term.

A suit in chancery is brought to recover $758 in which an attach_ment is issued and levied upon a tract of land owned by the defendants; $718 of this sum is claimed to constitute a vendor's lien upon the land attached. The defendants answer the bill and contest their liability to pay the other $40. Depositions are taken by each party and when the cause is matured for hearing the court renders a decree for the purchase money and decrees the land to be sold. The land was sold and bought by the defendants, the sale confirmed, the price decreed to pay costs and sum decreed plaintiff, deed ordered to be executed and possession to be given by sheriff.

At a subsequent term, the plaintiff moved the court, without notice, to set aside the last order and allow the commissioner's report to be amended as to the name of the security in the bond of the purchaser; it was so decreed, the report amended, and the same order of confirmation was re-entered, except that it provided if there was any surplus after paying debt, interest and costs, such surplus should be paid over to the receiver of the court.

An appeal is allowed to this last order; giving its date.—HELD:

1. That the first decree of confirmation was a final decree.

2. That the order appealed from was void as to the rights of the parties.

3. That this Court has no jurisdiction, because the matter in controversy did not exceed $100, exclusive of costs; the only matter in controversy being the surplus after paying debt, interest and costs, which was much less than $100.

4. That the order appealed from was void, and the same, in substance, as the final decrees, except as to the surplus, and the plaintiffs in error could not complain, as it worked no prejudice to them.

In this case the appeal should be dismissed with costs to the appellee as the party substantially prevailing in this Court.

Appeal from, and *supersedeas* to, a decree of the circuit court of Ritchie county, rendered on the twenty-first day of October, 1875, in a suit therein pending, wherein James McKinney, Jr., was complainant and William Kirk and David Kirk, partners in business as Kirk & Bro., respondents. The appeal was granted on the petition of Kirk & Bro.

1876.
June Term.

McKinney
v.
Kirk & Bro.

The opinion of the Court contains a sufficient statement of the case.

The Hon. James M. Jackson, judge of said circuit court, presided at the hearing below.

*Robert S. Blair*, for the appellants.

*Scott & Cole*, for the appellee.

EDMISTON, JUDGE:

This is an appeal from a decree rendered on the twenty-first day of October, 1875, by the circuit court of Ritchie county. It appears from the transcript of the record, that a suit was instituted by the appellee against the appellants on the twenty-first day of February, 1873, to obtain a decree for the amount due the plaintiff, evidenced by three notes. One note calls for the payment of $100, the second $618, and the other for $40. The first bearing interest from the first of December, 1871, the second the twenty-fourth June, 1872, the other from the twenty-eighth January 1873. It is alleged that the first two notes were given for the purchase of a tract of land and constituted a lien thereon. At the time of the institution of the suit an attachment was sued out for the amount of all the notes, and levied upon the said tract of land. The case being matured, by service of process on one of the defendants, and order of publication as to the other defendant, and their joint answer subsequently filed, was heard, and a decree rendered for the sum of $718, the amount of the two notes given for purchase money, and no notice taken of the other note or of the attachment, except to state that its validity was contested by the de-

fendants. This sum was declared to be a lien on the land and it was decreed to be sold on the usual terms; it was sold and bought by one of the defendants for the sum of $875. The sale was confirmed, the money ordered to be collected and disbursed by the payment of the cost of sale and suit and the amount due the plaintiff, and the residue, if any, to the defendants; at the same time the commissioner was ordered to execute a deed to the purchaser and the sheriff was also ordered to deliver possession of the land to the purchaser. From this it appears to me that there was a final decree in the case; the whole subject matter had been disposed of and nothing remained for the court to do. *Vanmeter's Exors. v. Vanmeters*, 3 Gratt. 142; *Crim v. Davisson*, 6 W. Va. 465. Unless it can be claimed that as the court failed to pass, in express terms, upon that part of the debt claimed by the $40 note, and by the provision in the interlocutory order, "reserving all other questions in the record for the further action of the court," makes it retain its interlocutory character. The plaintiff sued out his attachment for the aggregate sum of all three notes, and asks in his bill a decree for that sum. The right to have this relief was contested by answer and evidence taken, and when the cause is heard the court does not give a decree for all demanded, but only for part, and passes the residue over in silence. If there is to be regarded any analogy between a trial at law and equity we would see that such a finding by a jury, or court at law would be a rejection of the amount not allowed—and I do not see why it should not be equally so in equity. The court decreeing this sum proceeds to sell all the attached effects and disposes of them, as I have stated above. Now would it be right to allow the plaintiff to go back and have a hearing upon this item passed over? Take another decree or order of sale or execution, thus subjecting the party in one suit to two trials, and really to two setts of costs? I think not.

In the case of *Cocke's Admr. v. Gilpin*, 1 Rob. 20, the

subject of final and interlocutory decrees is treated of at great length and with the usual ability and clearness of Judge Baldwin. He reviews many cases and to relieve the question as far as he could from the seeming difficulty and complication in which it was involved, he gives at pages twenty-seven and twenty-eight, his definition of an interlocutory decree, which is : "Where the further action of the court in the cause is necessary to give, completely, the relief contemplated by the court, then the decree upon which the question arises is to be regarded as interlocutory." This is to be the action in the cause—not such action as applies to both kinds of decrees, and is beyond the cause, not in it. In this cause there was a demand for say $758, with interest ; and when the cause is submitted for hearing the court finds the plaintiff entitled to $718, and decrees accordingly, and proceeds to execute that decree fully. Is it not clear that this was all the relief the court would give ? Having passed over the other part of the demand is it not to be regarded as rejecting it ? Then there is nothing left for the court to act upon. A decree is final when the cause has been terminated in the court. *Ibid.* 35. On page 36, *Ibid,* Judge Baldwin says : "On the other hand, there is no case decided by this court, in which the decree has been held to be final when the judicial action of the court in the cause has not been exhausted. I do not mean (says he) that it is necessary that the court, by its decree, should respond to all the questions in controversy or to the whole relief prayed in the bill, its silence being often equally emphatic." *Ibid.* 36.

Now it appears to me that when the court heard the cause in which $758 was demanded, and found for the plaintiff $718—that the silence of the court as to the balance of that sum was equally emphatic with an express rejection.

I am therefore forced to the conclusion that this was a final decree.

In these proceedings, although somewhat irregular, I see no material error.

After all this was done it was discovered by the plaintiff that an error of fact had crept into the report of sale made by the commissioner, in reporting the name of the security given by the purchaser at the sale, which I might say was not a material matter and especially after the confirmation by the court. But the counsel conceived the idea that this had better be corrected, and that it could be done under our statute found in the Code, chapter one hundred and thirty-four. And thereupon he moved the court, without notice to the other party, to set aside the decree confirming the sale and disbursing the money, ordering the deed to be executed and possession of the land to be delivered to the purchaser, and to allow the commissioner to correct his report as to the name of the security. It was so decreed by the court, and the report of commissioner amended, and the same decree of confirmation entered as before, except that this decree provided that if any surplus existed after payment of debt, interest and costs, it should be paid over to the receiver of the court to abide the further order of the court. This decree was rendered on the twenty-first day of October, 1875, and whilst the petition of the appellants prayed an appeal to all the proceedings had in the cause, yet the order of one of the Judges of this Court granted in vacation, confined the appeal to this latter decree by giving the particular date thereof. It is manifest that it was not intended to allow an appeal from any other part of the proceedings. The question therefore to be decided here is, what was the effect of this decree appealed from? I think this decree was made when there was no pending cause or after the cause had been finally disposed of; and of course it was an improper decree. Now if this decree was to the prejudice of the appellants, it should be reversed. If he is not prejudiced by it why does he complain? I understand it to be a

well established rule, as a general, if not a universal, thing, that the party asking the reversal of a decree or judgment must show that he is prejudiced thereby. *Supervisors of Culpeper v. Gorrell*, 20 Gratt. 519–20.

They can only claim to be prejudiced by that part of the order which provides for the payment of the surplus, if any, after paying debt, interest and costs of suit and sale, to the receiver of the court. Or he might claim that he would be improperly taxed with the costs of this decree.

As to the *first* matter let us see how that is. I find from a calculation of debt, interest · and costs, there will be but a very few dollars, if any, probably not a dollar, to go into the hands of a receiver. So he cannot be prejudiced by that provision in the decree.

How is it as to the cost of the decree? If the plaintiff has this taxed to him he should ask the court to correct the taxation by abating that much. I cannot see in what manner he can suffer any prejudice by reason of the decree appealed from.

This would seem to bring me to the conclusion that the decree should be affirmed; but a difficulty arises as to the jurisdiction of this Court. To entitle this Court to take jurisdiction as an appellate court in civil cases, the constitution and laws require "that the amount in controversy shall exceed one hundred dollars, exclusive of costs." Can it be said that the amount here does exceed that sum? I think not. This decree appealed from adjudicates nothing, it is merely a re-entering of the former order made in the cause from which there is no appeal. It is but an idle attempt to do that which the court had no power to do and has in fact no force whatever If this order had. not been entered, the rights of the parties would have been the same as they are under the case as it is, except that part of the latter order which requires the commissioner to pay the surplus, if any, into the hands of the receiver. I have shown that there

1876.
June Term.

McKinney
v.
Kirk & Bro.

is no surplus, and therefore the orders are in fact the same. It seems to me that this supposed surplus is all the matter in controversy in this case, and falls far short of the constitutional requirement. If an appeal had been allowed to the whole case it would no doubt have been different, because the amount of the decree would have furnished the rule for settling the question of jurisdiction.

It is said in *Ashby v. Kiger*, 3 Rand. 165, that the matter which is in controversy in the suit, and upon which the judgment or decree is pronounced, must not only be of the value aforesaid, but the controversy in relation to *matter* of that value must be continued by the appeal." The matter in controversy in the suit being settled by the final decree, not appealed from, in the same way that it is in this order, except as to the surplus, this appeal does not continue the original controversy and involves nothing but this supposed surplus.

I am therefore of opinion that this appeal should be dismissed as improvidently allowed, and the appellee recover his costs in this Court as the party substantially prevailing.

The other Judges concurred.

APPEAL DISMISSED AS IMPROVIDENTLY ALLOWED.