𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

YATES' ADM'R & ALS. v. WILSON.

MARCH 6th, 1890.

1. CHANCERY PRACTICE—*Final decree.*—When a decree makes an end of a case, and decides the whole matter in contest, and leaves nothing to be done by the court in the cause, it is final.

2. IDEM—*Res judicata—Case at bar.*—A suit to execute testator's will, sell his real estate, and distribute the proceeds, wherein some of the lands are still unsold, and some sold, has not been accounted for, the objects of the suit are unaccomplished, and no final decree has been entered in the cause, and is no bar to a second suit brought to correct an admitted· error claimed to be accidental.

3. EXECUTORS—*Joint bond—Reciprocal sureties.*—Where two executors execute a joint official bond, the one is surety for the other.

Appeal from decree of circuit court of city of Danville, rendered January 21, 1889, in the chancery cause wherein George N. Wilson and others, the residuary legatees and devisees of George Price, deceased, were complainants, and A. M. Aiken, administrator of L. A. Yates, deceased, and W. T. Law, the surviving executor of said George Price, deceased (the said Yates having been the other executor), were the defendants. The decree being against said Yates' administrator, he appealed. Opinion states the case.

*John W. Riely* and *Berkeley & Harrison*, for the appellant.

*Peatross & Harris* and *Guy & Gilliam*, for the appellees.

LACY, J., delivered the opinion of the court.

This case is briefly as follows: In 1880 George Price died, leaving a large estate, real and personal. By his will he appointed W. T. Law and L. A. Yates executors thereof. After providing for his wife and making special devises and bequests, he directed the executors to sell the residue of his real estate in their discretion; directed that they should qualify without giving any security, and they qualified, giving a joint bond. They sold the goods and chattels, collected the choses in action, and proceeded to sell the real estate, when the parties entitled to the estate of the said George Price brought their bill in August, 1880, to have the estate administered by the court, the further sales of land checked and regulated, etc. In these proceedings the transactions of the executors as such were settled as far as they had gone, and the balance appearing upon their accounts decreed to the parties entitled thereto; and, the lands not having been all sold in April, 1885, the cause was not removed from the docket, and no final decree entered, the objects of the suit not having been fully accomplished. L. A. Yates, one of the executors, died shortly after, and the appellant qualified as his administrator, and in September, 1886, this suit was instituted by the same complainants as those named above to correct certain errors appearing upon the proceedings in the other suit, and appearing in the accounts settled therein, and seeking to surcharge the same as to the sum of $627 78 collected by the executors and not accounted for. The surviving executor (Law) answers and admits the collection, and states that the omission was accidental. Yates' administrator demurred, pleaded, and subsequently answered. His defence is *res adjudicata.*

The circuit court having decreed against the defendants for the alleged amount collected and unaccounted for, Yates' administrator appealed. The decree in the former suit is relied on to sustain the plea, and is set up as a bar to the second suit. The case of *Blackwell* v. *Bragg,* 78 Va., 529, is cited to sustain the position. But the decree relied on for that pur-

pose in *Blackwell* v. *Bragg* was a final decree, and the citation from Adams, Eq. (6th Amer. ed.), marg. p. 397, refers to final decrees. And, under these authorities, and others cited by the learned counsel for the appellant, in order to be a bar to the new suit, the decree must not only be substantially between the same parties, and for the same subject-matter, but it must also be in its nature final, or afterwards be made so by a decree of the court; for otherwise it will not be a bar. Story, Eq. Pl. (4th ed.), sec. 791; Mitf. Eq. Pl., by Jeremy, 237. But it is insisted that for some purposes this decree is final. The suit was instituted to execute the will of George Price, under the direction of the court, to sell his real estate at the court's discretion, and distribute the proceeds. Some of the lands are still unsold; some of those sold have not been accounted for; and, the objects of the suit not having been accomplished, no final decree has been entered in the cause. When a decree makes an end of a case and decides the whole matter in contest, leaving nothing to be done by the court in the cause—no subject to be acted upon or disposed of, no question to be decided by the court—it is a final decree. *Ryan* v. *McLeod*, 32 Gratt., 369; *Rawlings* v. *Rawlings*, 75 Va., 83. But, as was said by Judge Baldwin in *Cocke* v. *Gilpin*, 1 Rob., 20: "Where the further action of the court in the cause is necessary to give completely the relief contemplated by the court, there the decree upon which the question arises is to be regarded not as final, but interlocutory. I say the further action of the court in the cause, to distinguish it from that action of the court which is common to both final and interlocutory decrees, to-wit, those measures which are necessary for the execution of a decree which has been pronounced, and which are properly to be regarded as adopted not in, but beyond the cause, and as founded on the decree or mandate of the court, without respect to the relief to which the party was previously entitled upon the merits of his case." In this case the relief originally asked has only been granted in part, and not the greater

part, and the cause is still pending for the purposes for which it was originally brought—for the most part, as yet, unaccomplished.   The decree relied on can in no sense be called or considered a final decree, and is no bar to the second suit, which is brought to correct an admitted error, and is claimed to be accidental.   It is claimed, not proved, that Law, not Yates, collected the sum in question, and that, as the will directed that the executors should qualify without giving any bond, Yates was not security for Law.   But they gave a joint bond, and so one is security for the other.   Bart. Ch. Pr., 674, and cases there cited.   The decree of the circuit court appealed from is without error, and the same must be affirmed:

DECREE AFFIRMED.