# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## SERLES V. CROMER.·

### November 19th, 1891.

1. PRACTICE IN CHANCERY—*Final decree.*—When a decree makes an end of a case, and decides the whole matter in contest, costs and all, leaving nothing further for the court to do in the cause, it is a final decree.
2. IDEM—*Case at bar.*—A decree in favor of receiver against executor and his sureties for a named sum, directed that receiver execute a bond in·a specified sum before receiving any money under it. At a subsequent term the decree was amended as to the amount, and costs directed to be paid and execution to be issued, and the cause to·be continued for a report ;
HELD :
> This was a final decree, as all that remained to be done was outside the cause.
3. IDEM—*Statute of limitations—Case at bar.*—No execution having been issued on said decree within a year after its rendition, and no proceeding had to revive it within ten years thereafter ;
HELD :
> The decree was barred when the suit was brought, in 1887, to revive it. Code, 1873, ch. 182, §§ 12 and 13.
4. IDEM—*Elimination of period of suspension— Case at bar.*—Injunction was awarded, before expiration of the ten years, against sale of the executor's home-place, but said decree was not assailed nor the issuance of said execution affected ;
HELD :
> There was no such suspension as would permit revival after lapse of ten years, under Code, 1873, ch. 1882, § 13.

Appeal from decree of circuit court of Montgomery county, rendered November 30th, 1888, in a cause wherein Samuel W. Cromer, as receiver, was complainant, and Stephen Childress' executor and the appellant, Joseph Serles and others as his sureties, were defendants. Opinion states the case.

*Waller R. Staples* and *G. W. & L. C. Hansbrough*, for appellant.

*J. L. Tompkins* and *E. C. Burks*, for appellees.

LACY, J., delivered the opinion of the court.

Cromer, the appellee, filed his bill, as the administrator of Stipes, in 1870, for the settlement of the executorial account of Stephen Childress, as the executor of the said Stipes, the said Childress having given as his securities as such executor Joseph Serles, William M. Childress, and Charles Howard, who were made defendants.

At the May term, 1872, a decree was rendered against the said executor and his said securities for $1,312.14, with interest thereon from the 22d day of February, 1870, in favor of S. W. Cromer, receiver, the said receiver as such to execute a bond in the penalty of $3,000 before he received any money under the said decree.

At the September term, 1874, this decree was amended, and the amount fixed at $1,385.25 and costs, and execution was directed to issue thereon, and the cause was continued for a report from the receiver.

Upon this decree no execution issued within the year, and there was no proceeding to revive the decree until 1887, when a bill was filed for that purpose, to which the defendant, Joseph Serles, demurred and answered, and set up the defence of the statute of limitations. The court overruled the demurrer and revived the decree, from which decree the appellant, Joseph Serles, applied for and obtained an appeal to this court.

The only error assigned is as to the action of the court in overruling the plea of the statute of limitations as a defence to the decree, the same being alleged to be barred at the institution of the said suit. Under our law (section 12, chap. 182, Code

of 1873), an execution may be issued on a final decree within one year, or the same may be revived within ten years from its date. It is apparent from the record that no execution issued within the year, and there was no action brought to revive the same within ten years. But the claim is that the decree of 1874 was not a final decree, because the decree was in favor of a receiver, who was not authorized to collect any money under the decree until he executed a bond as such in a prescribed penalty, and that this bond was never executed, and that the decree was thus suspended by its own terms, where as section 13 of chapter 182, Code of 1873, provides that " no execution shall issue, nor any *scire facias* or action be brought, on a judgment (or decree) in this state, other than for the commonwealth, after the time prescribed by the preceding section, except that, in computing the time, any time during which the right to sue out execution on the judgment (or decree) is suspended by the terms thereof, or by legal process, shall be omitted."

It is provided by sections 1 and 2 of chapter 182, *supra*, that a decree for money shall be embraced in the word "judgment" whenever used in this chapter, and chapters 183, 184, and 185. So that the question whether this was a final decree, and, if so, whether it was suspended by the terms thereof, or by legal process, so as to save the running of the statute, are the only questions here involved.

Was the said decree a final decree ?

What is a final decree ? This question has been so often answered by this court that the definition is familiar to the profession : " When a decree makes an end of a case, and decides the whole matter in contest, costs and all, leaving nothing further for the *court* to do, it is a final decree." *Harvey* v. *Branson*, 1 Leigh, 130 ; *Vanmeter* v. *Vanmeter*, 3 Gratt. 142 ; *Fleming* v. *Bolling*, 8 Gratt. 292 ; *Ryan* v. *McLeod*, 32 Gratt. 376 ; *Rawlings* v. *Rawlings*, 75 Va. 76 ; *Norfolk Trust Co.* v. *Foster*, 78 Va. 419 ; *Yates* v. *Wilson* 86 Va. 627.

But when the further action of the court in the cause is necessary to give completely the relief contemplated by the court, it is not final—that is, the further action of *the court in the cause*, not that action of the court which is *common to both final and interlocutory decrees*, and is necessary for the execution of the decree, and is regarded *not in*, but *beyond the cause*. *Cocke* v. *Gilpin*, 1 Rob. 20 ; *Yates* v. *Wilson*, *supra.*

When no execution has issued on a final decree within the year, and no action has been brought to revive it within ten years, the decree is barred. In the decree in question the amount of money due was ascertained, and a decree rendered for the amount, with costs, and execution was authorized to issue thereon.

It is true in the decree of 1872 the receiver was required to give a bond in the sum of $3,000 dollars, which was not given ; but the court had fixed the amount and directed its execution ; there was nothing more for the court judicially to do concerning it. The decree was as final as to this as any part of it. There was nothing more for the court to do ; the receiver was to do this, and it was not to be done before nor in the court. The clerk takes this bond, and receives and passes upon the security, and, moreover, it cannot be regarded as a thing to be done in the cause, but beyond it.

But it is further insisted that an injunction suit was brought by the debtor, S. Childress, to enjoin the sale of his home place. But the decree of 1874 was not therein assailed, nor was the issuance of execution thereunder in any degree affected. Its pendency did not affect the question ; there was no order nor other process asked for nor made restraining the issuance of any injunction. This proceeding did not bring the case within the saving of the 13th section, chapter 182, *supra*. *Straus* v. *Bodeker*, 86 Va. R. 543 ; *Dabney* v. *Shelton*, 82 Va. R. 350.

The defence of the statute of limitation was a complete bar

to the action to revive the decree, and should have been allowed by the court and the bill dismissed.

The decree appealed from having decided otherwise, the same will be reversed and annulled, and such order entered here as the circuit court ought to have rendered, and the bill dismissed.

FAUNTLEROY, J., and HINTON, J., *dissented.*

DECREE REVERSED.