ALFRED R. WARE v. PLEASANT GROVE TOWNSHIP, GREENWOOD COUNTY.

No. 215.*    (59 Pac. 1089.)

1. TOWNSHIPS—*Judgment—Execution.* An execution can be issued upon a judgment against a township, and, at least, property not used for public purposes can be levied upon and sold thereunder.

2. ——— *Supersedeas Bond—Statute of Limitations.* A supersedeas bond executed on behalf of a township will stay the issuance of an execution upon a judgment against a township, and suspend the running of the statute of limitations while it is operative.

Original proceeding in mandamus. Opinion filed February 19, 1900. Peremptory writ allowed.

*R. P. Kelley, W. S. Marlin, J. B. Clogston,* and *D. B. Fuller,* for plaintiff in error.

*Lamb & Hogueland,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.:  This is an original proceeding in mandamus brought by Alfred R. Ware against Pleasant Grove township, in Greenwood county, and its officers, by which he seeks to compel the payment of a judgment which he recovered against the said township. On September 28, 1891, Ware recovered a judgment against the said township for personal injuries, and the township prosecuted proceedings in error to the supreme court, and executed a supersedeas bond to stay execution upon the judgment pending said proceedings.  The case was transferred to the court of appeals, where the judgment was finally affirmed, and the mandate of this court was sent to the district

*Pending in supreme court on error.—REP.

court of said county in August, 1898.   The mandate was spread upon the records of said district court. Ware presented his claim, based upon his judgment, to the township board at their October, 1898, meeting, and the claim was refused.

The township defends upon three grounds: (1) That the plaintiff is not the owner of the judgment; (2) that the judgment is barred by the statute of limitations; and (3) that the judgment of the district court of said county in sustaining the demurrer to the petition of Embry in the case of Embry v. Pleasant Grove Township is final and binding upon Ware.

The first and third questions may be discussed together.   Ware, being indebted to the Eureka Bank, gave to said bank his personal note, with Embry signing the note as security.   Ware also assigned his judgment against said township to the bank as collateral security for the payment of the note.   Afterward Embry took up the Ware note and received from the bank an assignment of its interest in said judgment.   Embry brought suit upon the judgment while he held the assignment as aforesaid; and while it was pending he dismissed the action without prejudice, and afterward received payment in full from Ware upon the note and assigned the judgment to him.   At the time of the commencement of this action, Ware was the owner of the judgment the same as though he had never assigned it, and the judgment is not affected by the proceedings in the case of Embry v. Pleasant Grove Township.   The question then is as to whether the judgment is barred by the statute of limitations.

Counsel for the township ingeniously argue that no execution can issue against the township.   Hence, no supersedeas bond was necessary to be given by the township to stay execution, and therefore this action

should have been commenced prior to the expiration of five years from the date of the judgment. We are of the opinion that an execution can be issued upon a judgment against a township, and, at least, property not used for public purposes can be levied upon and sold thereunder. No execution can issue upon a judgment rendered against a county (Gen. Stat. 1897, ch. 27, § 48; Gen. Stat. 1899, § 1547), or a school district (Gen. Stat. 1897, ch. 63, § 72; Gen. Stat. 1899, § 5994). An execution may be issued upon a judgment against a city of the second class (*City of Independence v. Trouvalle*, 15 Kan. 71). No provision is made by statute for the collection of a judgment against a township, nor is there any statute prohibiting the issuance of an execution upon a judgment against a township. A supersedeas bond executed on behalf of a township will stay the issuance of an execution upon a judgment against a township and suspend the running of the statute of limitations while it is operative.

A peremptory writ of mandamus is allowed.