## FIRST NAT. BANK OF FREDERICK v. CONTINENTAL SUPPLY CO. et. al.

No. 15310. Opinion Filed April 5, 1927.

Rehearing Denied June 21, 1927.

(Syllabus.)

**Equity—Adequate Remedy at Law—Laches.**

The power of a court of equity cannot be invoked where it is clear from the facts proven in the trial of said cause that plaintiff had a plain and adequate remedy at law and by his own laches or neglect failed to avail himself thereof for a period of eight years and no valid cause or excuse is shown for such failure or neglect.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the First National Bank of Frederick against the Continental Supply Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

P. Mounts and W. H. Hussey, for plaintiff in error.

Wilson & Roe, for defendants in error.

CLARK, J. Plaintiff in error being plaintiff below, defendants in error being defendants below, the parties will be referred to as they appeared in the trial court.

This suit was filed in the district court of Tillman county, Okla., on the 20th day of July, 1921, by plaintiff against defendants.

Plaintiff's petition alleged that on or about the 21st day of July, 1913, the Big Pasture Oil & Gas Development Company, a corporation, duly executed and delivered to the plaintiff its certain chattel mortgage, describing the property. That the said chattel mortgage was given to secure a promissory note executed on the 21st day of July, 1913. Plaintiff alleged that the Big Pasture Oil & Gas Development Company had executed a prior chattel mortgage to the State Guaranty

Bank of Frederick, Okla., which plaintiff believed was a superior mortgage to plaintiff's mortgage.

Plaintiff alleged that the chattel mortgage given to State Guaranty Bank was foreclosed and property sold thereunder to A. Lair, purchaser of said property, with the understanding with A. Lair that the said State Guaranty Bank's mortgage should be illegal or invalid. That the said First National Bank was to have said property or its proceeds under its mortgage. Plaintiff alleged that while the said A. Lair had possession of said property under his purchase the Continental Supply Company, which had secured a judgment against the Big Pasture Oil & Gas Development Company, had execution issued thereon and had levied the same upon the property covered by plaintiff's mortgage; that said A. Lair was holding said property under his purchase of same under the foreclosure of the State Guaranty Bank's mortgage. The said A. Lair replevied said property from the sheriff, who was holding it by virtue of the execution issued by the Continental Supply Company against the Big Pasture Oil & Gas Development Company. Plaintiff alleged that the said cause was finally decided in the favor of the Continental Supply Company, holding that its levy and execution was superior to the mortgage held by the State Guaranty Bank and that under its agreement with A. Lair and State Guaranty Bank plaintiff was entitled to the property or the proceeds thereof in the hands of A. Lair. Plaintiff alleged that its right to the property and proceeds under its chattel mortgage was superior to that of the defendant Continental Supply Company under its execution and prayed that upon hearing that it have judgment against the Continental Supply Company and A. Lair for the proceeds of said property now in the hands of A. Lair, amounting to $516.45 and interest; and further prayed that E. I. May, sheriff of Tillman county, and defendant Continental Supply Company be perpetually enjoined and restrained from attempting to execute said execution or make levy thereunder or attempt to take any act toward collecting said judgment until it was finally decided whether the Continental Supply Company or this plaintiff was entitled to the proceeds of said property, and that said plaintiff have all other and proper equitable relief.

Defendant Continental Supply Company filed its separate answer, consisting of a general denial; and further answered that the note and mortgage set out in plaintiff's petition was executed by the Big Pasture Oil & Gas Development Company by C. A. Swartz, its president, without authority from said company and for the purpose of defrauding legitimate creditors of said company. Further answering, the Continental Supply Company pleaded the statute of limitations as against said note and mortgage; and further answering, the Continental Supply Company alleged that on the 26th day of August, 1913, in the district court of Tillman county, Okla., in a cause wherein John B. Wilson was plaintiff and the First National Bank et al. were defendants, which suit was brought to enjoin the First National Bank and the Big Pasture Oil & Gas Development Company, under the mortgage herein sued on, the said First National Bank filed its written answer disclaiming any right or title to said property or in said cause of action, and that plaintiff was estopped and forever barred from claiming any right, title, or interest in or to said mortgaged property.

Plaintiff filed a reply, denying all new matters pleaded in defendant's answer. The cause came on for trial and evidence was introduced. The cause was tried without the intervention of a jury. The court found for the defendants, denying the plaintiff the relief prayed for.

Plaintiff in due time brought this cause here for review. The testimony was, in substance, that the plaintiff herein took its mortgage in 1913, and that A. Lair was an officer of plaintiff bank since sometime in 1913 or 1914, until the present time and knew of the suit by the Continental Supply Company against the Guaranty State Bank, had full knowledge of all the proceedings taken by the Continental Supply Company, defendant herein, to collect its debt against the Big Pasture Oil & Gas Development Company and made no effort to make any claim against said property for a period of eight years.

We are therefore of the opinion that if plaintiff had the right of action or right to the proceeds of said property, it lost the same by laches and neglect by failing and refusing to avail itself of said right. It is a general rule that one cannot invoke the powers of a court of equity where the evidence shows plaintiff had a plain and adequate remedy at law and by his own laches and neglect fails to avail himself thereof.

Finding no error in the record, the judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, and RILEY, JJ., concur.

Note.—See 21 C. J. p. 36, §14; p. 47, §23.