## SKINNER v. FIRST NAT. BANK OF DAVIS.

No. 18338. Opinion Filed Nov. 20, 1928.

Rehearing Denied Jan. 22, 1929.

Bowling & Farmer, for plaintiff in error.

Young & Powell and W. N. Lewis, for defendant in error.

HERR, C. On April 25, 1913, one Ben S. Ansel brought suit against the United Mine & Milling Company in the district court of Murray county, Okla., to recover the sum of $400, and for the appointment of a receiver. Mrs. M. M. Cross, another creditor of said United Mine & Milling Company, intervened in said action, filed her claim, and on the 30th day of August, 1915, recovered judgment on said claim in the sum of $2,565, which judgment was subsequently assigned to Fred B. Skinner, plaintiff herein.

Execution was first issued on such judgment November 2, 1922. The judgment was at this time dormant. On March 11, 1926, an alias execution was issued and levied on certain real estate belonging to the judgment debtor and sold to satisfy the judgment. Plaintiff in error filed his motion to confirm the sale. No objection to confirmation was made by judgment debtor, nor does it appear that it had notice or knowledge thereof.

The First National Bank of Davis, claiming to be a creditor of the United Mine & Milling Company, filed objections to confirmation. The bank claimed no right, title, or interest in the premises sold, nor did it claim any lien thereon. It based its right to object to the confirmation on the sole ground that it was a creditor of the United Mine & Milling Cmpany.

The trial court sustained the protest of the bank and overruled the motion to confirm. The ruling of the court was based on the theory that the judgment was dormant; that no execution could have been legally issued thereon.

Plaintiff in error contends that, even though it is conceded that the judgment was dormant at the time of the issuance of the execution, the bank, being a stranger, could not legally raise this question. With this contention we agree. But an inspection of the record readily discloses the dormancy of the judgment. We are, therefore, of the opinion that the court, upon its own motion, might rightfully deny confirmation.

Section 709, C. O. S. 1921, provides:

"If the court, upon the return of any writ of execution for the satisfaction of which any lands or tenements have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has, in all respects, been made in conformity to the provisions of this article, the court shall direct the clerk to make an entry on the journal that the court is satisfied of the

legality of such sale, .and an order that the officer make to the purchaser a deed for such lands and tenements; and the officer, on making such sale, may retain the purchase money in his hands until the court shall have examined his proceedings as aforesaid, when he shall pay the same to the person entitled thereto, agreeable to the order of the court."

It is further contended by counsel for plaintiff in error that, even though the judgment was dormant, an execution could legally be issued thereon, and that a sale under such execution, not objected to by judgment debtor, would be valid. The following authorities tend to support this contention: Sherrard's Ex'rs v. Johnson et al. (Pa.) 44 Atl. 252; Gillespie v. Switzer (Neb.) 62 N. W. 228; Cleveland v. Tittle (Tex. Civ. App.) 22 S. W. 8; Weis v. Tierman, 91 Ill. 27; Reeves v. Burnham, 3 How. (4 Miss.) 25; Brown v. Long (N. C.) 36 Am. Dec. 43; DeLoach v. Robbins (Ala.) 14 So. 777; Morgan v. Evans (Ill.) 22 Am. Rep. 154; Yeager v. Wright (Ind.) 13 N. E. 707; Aultman Co. v. Syme (N. Y.) 57 N. E. 168; Eddy v. Coldwell (Ore.) 31 Pac. 475.

Had the court confirmed the sale, under these authorities, the purchaser probably would have obtained a title thereunder. And had the court confirmed the sale, this court would not, on appeal by a stranger to the proceedings, interfere. Under the statute, however, it was the duty of the court to examine the proceedings, and, this irregularity appearing therein, it had the right, on its own motion, to deny confirmation.

This holding is not in conflict with the holding of this court in the case of Brazell v. Brockins, 95 Okla: 38, 217 Pac. 847, and kindred cases. These cases simply hold that the court, on motion to confirm sheriff's sale, will not go behind the execution and look into the regularity of the judgment upon which the execution is based. The rule announced in these cases has no application to the case at bar, for the reason that here the dormancy of the judgment is shown on the face of the proceedings.

Surely the court has the right in such cases, under the statute above quoted, to inspect the judgment, execution, and other sale proceedings, and, if irregular upon their face, has the power to deny confirmation.

The record discloses that, upon the filing of the petition in the original action, a receiver was appointed before judgment, at the request of the petitioner. The entire assets and property of the judgment debtor were taken over by the receiver and administered for the benefit of all creditors. The receiver was discharged on the 28th day of August, 1918. It is contended that the running of the statute was suspended during the time the receiver was in charge. No authorities are cited. We cannot agree with this contention.

It is true no levy could have been made on the property while the same was in the hands of the receiver, but this would not have prevented such creditor from issuing an execution and a return of no property. The mere issuing of the process and the return would, in no wise, have interfered with the possession of the receiver. Moreover, under section 845, C. O. S. 1921, proceedings might have been taken to revive the judgment without, in any manner, interfering with the possession of the receiver.

In the case of Savings & Trust Co. v. Bear Valley Irr. Co., 89 Fed 32, it is held that the appointment of a receiver will not suspend the running of the statute in favor of a prior judgment creditor, and that such judgment creditor loses his priority upon the appointment of a receiver, even though his lien was in force at the time of such appointment, where he failed to make application for leave to have execution issued and levied within a year after judgment, and took no steps to enforce his lien within the time provided by statute.

It is argued by plaintiff in error that the judgment did not become final until the 29th day of August, 1918, the date upon which the receiver was discharged, and that the judgment was, therefore, not dormant at the time the first execution was issued. In answer to this contention, it is sufficient to say that the execution upon which he stands recites on its face that the judgment sought to be executed upon was rendered August 30, 1915, and this, from the record, appears to be the exact date upon which it was, in fact, rendered. If, as a matter of fact, the judgment rendered on that date was not a final judgment, then there is no judgment in the case, no execution could have been legally issued, and, if this theory be adopted, the court certainly was correct in denying confirmation.

The statute does not provide that the appointment of a receiver shall operate to suspend the running thereof during the tenure of office of such receiver so as to prevent a judgment from becoming dormant, and we can conceive of no good reason for so holding.

Judgment should be affirmed.

BENNETT, JEFFREY, REID, and DIFFENDAFFER, Commissioners, concur.

FOSTER, Commissioner, dissents.

By the Court: It is so ordered.