## LAIR et al. v. CONTINENTAL SUPPLY CO.

No. 19950. Opinion Filed Nov. 3, 1931.

Rehearing Denied Nov. 24, 1931.

Mounts & Chamberlin, for plaintiffs in error.

Wilson & Roe, for defendant in error.

KORNEGAY, J. This is an action brought on September 21, 1927, in the district court of Tillman county on a supersedeas bond, which is as follows:

"State of Oklahoma, Tillman County—ss.

"In the District Court.

"A. Lair, Plaintiff, v. B. B. Eoff, Sheriff, and the Continental Supply Company, a corporation, Defendants.

"Supersedeas Bond.

"Know All Men by These Presents:

"That A. Lair, as principal, and J. B. Beard, Jr., and Sam Finley, as sureties, are hereby held and firmly bound unto B. B. Eoff, as sheriff, and the Continental Supply Company, a corporation, defendants in the above-styled and numbered cause of action, in the sum of $1,500, for the payment of which well and truly to be made, we, and each of us, do hereby jointly and severally bind ourselves, our successors, and assigns.

'Dated this the 19th day of January, 1918.

"The conditions of the foregoing obligation is such that whereas, on the 15th day of December, 1917, judgment was rendered in favor of the defendants and against the plaintiff in said cause for the sum of $516.45, and costs.

"And, whereas, said plaintiff has taken an appeal from said judgment to the Supreme Court of the state of Oklahoma,

"Now, therefore, if the said principal obligor herein shall pay to the said obligees the condemnation money and costs in said case, should the judgment or final order should adjudge it or in case said judgment should be affirmed in whole or in part, then this obligation shall be null and void, otherwise to remain in full force and effect.

"A. Lair, Principal.
"J. B. Beard, Jr.
"Sam Finley.

"State of Oklahoma, Tillman County—ss.

"J. B. Beard, Jr., and Sam Finley, of lawful age, being first duly sworn, deposes and says that he is one of the sureties who signed the foregoing bond and that he is a resident of Tillman county, Okla., and is worth the sum of $1,500 over and above all debts, liabilities, and exemptions allowed by law and subject to execution, and that he signed said bond as his free and voluntary act and deed.

"Sam Finley,
"J. B. Beard, Jr.

"Subscribed and sworn to before me, this the 19th day of January, 1918.
"(seal)

"F. E. Moss, Notary Public in and for Tillman Co., Okla."

"My Commission exp. Jan. 17, 1920.

It was originally brought against the principal, A. Lair, and J. B. Beard, Jr., and Sam Finley. It was later dismissed as against Lair, and J. B. Beard, Jr., appears to be the only plaintiff in error in this case against whom judgment was rendered on the supersedeas bond by the court below on the 12th day of May, 1928, followed by motion for new trial, overruled May 24, 1928, and case-made filed in this court November 21, 1928, with assignments of error.

A history of this case shows that it has been long in time, full of contention, and ruined by delay. The appeal in the original case was dismissed by this court on the 20th day of December, 1920, and mandate went down on the 13th day of January, 1921, and was recorded on the 17th of February, 1921. No steps appear to have been taken towards getting a judgment on the supersedeas bond until the filing of this suit on September 21, 1927. An execution was sued out on the judgment on the 28th day of June, 1921. Upon this being sued out, the First National Bank of Frederick brought a suit in the district court of Tillman county on July 20, 1921, against the Continental Supply Company, A. Lair, and E. I. May, sheriff of Tillman county, Okla., for the purpose of subjecting the proceeds of some pipe described in its chattel mortgage, then in the hands of A. Lair, that amounted to $516.45, and asked for relief in the following language:

"Wherefore, plaintiff prays that upon hearing hereof that it have judgment against the said defendants Continental Supply Company and A. Lair for the proceeds of said pipe now in the hands of the said A. Lair, in the amount of $516.45, and interest and costs of suit, and plaintiff further prays that the said E. I. May, sheriff in and for Tillman county, Okla., and the defendant, Continental Supply Company, be perpetually enjoined and restrained from attempting to execute said execution or make a levy thereunder or attempting to do any act towards the collection of said judgment or execution until it is finally decided as to whether the Continental Supply Company or this plaintiff is entitled to the proceeds to the said casing or pipe and that this plaintiff have all other proper and equitable relief.

"P. Mounts,
"Attorney for Plaintiff."

The county judge, in the absence of the district judge, issued an injunction pending the hearing, and an injunction bond was given, with J. B. Beard, Jr., the present plaintiff in error, and G. E. McHugh as its sure-

ties. The case came on for trial on the 6th of December, 1922, was taken under advisement, and resulted in a judgment for the defendants on September 25, 1923, and the permanent injunction asked for was denied, and the temporary injunction restraining the sheriff from levying execution was vacated and set aside. Notice of appeal to the Supreme Court was given after the motion for new trial was overruled, and time was given to serve the case, and plaintiff was allowed "30 days from this date in which to file a supersedeas bond, and that execution be stayed pending time given to file said bond." This journal entry was dated the 26th of September, 1923. The supersedeas bond in that case was given with J. B. Beard, Jr., as a surety and D. M. Long as a surety. It was in the sum of $1,400. The case in which the supersedeas bond was given was passed on finally in this court on the 5th day of April, 1927 (First Nat. Bank of Frederick v. Continental Supply Co., 125 Okla. 174, 256 P. 902), and affirmed the judgment of the trial court, but the mandate was not sent down until July 28th, and filed in the lower court July 29, 1927. Another execution was sued out August 29, 1927, on the original judgment and a return of no property found September 8, 1927, followed by the present suit. The defendants below pleaded the statute of limitations of 5 years as a bar to the action on this bond. The court below overruled this position, and its solution and the decision on the various assignments depend upon the question as to whether there has been a toll of the statute by reason of the injunction and supersedeas bond in the case of First National Bank v. Continental Supply Co., decided April 5, 1927.

With the view we have of the matter, we may dispense with the discussion as to whether or not the proof is sufficient as to the record of the injunction. It will be observed that the liability on the judgment is separate and distinct from the liability on the bond to supersede the judgment so far as limitations are concerned. It will be further observed that the question of the lien of the judgment, and its duration, is a different matter from the limitation upon the supersedeas bond.

The case has been briefed, evidently, on the theory that the execution of the judgment having been enjoined in the case of First National Bank v. Continental Supply Co., that statute of limitations was tolled on the liability of the first bond. The plaintiff in error cites a case from Virginia of Serles v. Cromer, 88 Va. 426, 13 S. E. 859, cited in 21 A. L. R. 1059, note, which holds that:

"An injunction suit brought by a judgment debtor to restrain the sale of his home place, but not asking for an order restraining the issuance of execution, is not such a legal proceeding as to suspend the statute of limitations under a statute providing that any time during which the right to sue out execution on a judgment is suspended by the terms thereof or by legal proceedings shall be omitted in computing the period of limitations prescribed."

The proposition of the holder of an execution being required to establish a valid judgment as its basis is also referred to, and the case of Cockrell v. Schmidt, 20 Okla. 207, 94 P. 521, is cited, and some other cases on the same line as to the necessity of proving the judgment by the record. So, also, is In re Bates' Guardianship, 70 Okla. 321, 174 P. 743, and R. O. L., and some other cases.

The defendant in error cites in his brief section 719, C. O. S. 1921, which is as follows:

"Life of Judgment Lien on Realty. No judgment. No judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been taken out and levied before the expiration of one year next after its rendition, shall operate as a lien on the estate of any debtor, to the prejudice of any other judgment creditor. But in all cases where judgment has been or may be rendered in the Supreme Court, and a special mandate awarded to the district court to carry the same into execution, the lien of the judgment creditor shall continue for one year after the first day of the term of the district court to which such mandate may be directed. Nothing in this section contained shall be construed to defeat the lien of any judgment creditor who shall fail to take out execution and cause a levy to be made as herein provided, when such failure shall be occasioned by appeal, proceedings in error, injunction, or by vacancy in the office of sheriff, or the disability of such officer, until one year after such disability shall be removed. In all cases where real estate has been or may hereafter be taken on execution and appraised and twice advertised and offered for sale, and shall remain unsold for the want of bidders, it shall be the duty of the court from which such execution issued, on motion of the plaintiff, to set aside such appraisement and order a new one to be made, or to set aside such levy and appraisement and award a new execution to issue, as the case may require."

Then the history is given of the various delays that have occurred in this case, and they are startling. This matter has been de-

layed to such an extent that it looks as though the provision of the Constitution about administering justice without delay is almost of no efficacy.

During the time that the original judgment, that was superseded by the supersedeas bond declared on, in this case, was in the Supreme Court, the statute of limitations was suspended. When the court passed on the case, and it came back in the year 1921, the cause of action on behalf of the sureties on the supersedeas bond accrued. It is plain that, under the statute, after it started, nothing interrupted it, except the injunction proceeding in a different suit had at the instance of the First National Bank of Frederick, not a party to the suit in which the supersedeas bond was filed.

An inspection of the record in that case shows that the injunction granted, continued until the judgment in the case, September 26, 1923, at which time the injunction proceedings were dissolved and relief denied. A supersedeas of that judgment was provided for. We do not think it makes much difference as to whether it is held that the supersedeas and the bond made in that case reinstated the injunction or not. The liability on the supersedeas bond in the first case had accrued and cause of action on it existed in favor of the obligee therein. The provisions in our statute of limitations that would toll the statute do not fit the facts of this case.

Some citations are made here as to the effect of an injunction against the enforcement of a judgment and its effect upon the judgment itself, as well as some on the subject of a stay of execution being granted in the case, but it appears to us that the Kansas decisions and our own decisions are strongly against the position that is here taken by the defendant in error, though our attention has not been invited to these in the briefs. Some of the Kansas decisions are referred to in the notes to the case of Grace v. Pierce, 21 A. L. R. 1035, that is cited. On the subject of appeal, at page 1054, we find the case of Delay v. Yost, 59 Kan. 496, 53 P. 482, the syllabus to which is as follows:

"A right of action accrues on an undertaking given to obtain a writ of replevin when the plaintiff fails to comply with the judgment rendered against him in the replevin action, and the fact that he institutes a proceeding in error to reverse the judgment, wherein no supersedeas bond is given, is no obstacle to the commencement of an action on the undertaking, nor will it prevent the running of the statute of limitations against such action."

The case of Ware v. Pleasant Grove Township, from Kansas, 59 P. 1089, discusses the matter and announces the doctrine that the making of a supersedeas bond in the case will suspend the running of the statute. The case of State v. Alexander, 114 P. 241, was a case in which the Kansas Supreme Court held that an appeal from a judgment of conviction for the unlawful sale of intoxicating liquors under an information filed in district court, the sentence imposing fine and imprisonment, does not, with the ordinary appeal or stay bond, operate to toll the statute of limitation as to an action by the state to enforce the statutory lien upon the premises where the liquors were sold.

Our own courts have been about as explicit on the subject of our statute of limitations, and what it will take to toll it, as the Kansas court. In Skinner v. First National Bank of Davis, 135 Okla. 61, 273 P. 893, it was held that, notwithstanding there was no objection, the refusal of the court to confirm the sheriff's sale of real estate, where the execution was issued on a dormant judgment, was not error. It further holds that, where a creditor sues his debtor and a receiver is appointed for the benefit of all creditors, the statute of limitations is not suspended during the time the receiver is in charge, and that if the judgment creditor fails to have execution issued on his judgment within five years from the rendition thereof, the judgment becomes dormant. The clear logic of that case is that the action of the plaintiff in error in a separate proceeding, in enjoining the sheriff and the defendant in error from going on with the execution, would in no wise affect the right to declare on the supersedeas bond.

The case of Taylor v. Harmon, 120 Okla. 145, 250 P. 887, is a holding to the effect that an agreement to submit a controversy between the parties to their respective attorneys for them to consider and advise a plan of settlement, which is never acted upon by the attorneys, would not have the effect of preventing the running of the statute of limitations pending the submission. The case of Shawnee National Bank v. Marler, 106 Okla. 71, 233 P. 207, discusses the matter thoroughly, and the syllabus in the case is an extract from the case of Bauserman v. Blunt, 147 U. S. 647, 37 L. Ed. 316, and passing on a Kansas case, appears to be applicable here. This syllabus is as follows:

"In the absence of express statute or controlling adjudications to the contrary, when the statute of limitations has once begun to run, its operation is not suspended by a sub-

sequent disability to sue; and the bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim."

This court in Hoskins v. Peak, 100 Okla. 124, 228 P. 478, held that the original judgment died, notwithstanding an appeal and supersedeas on a judgment rendered subsequent to the principal judgment, and on issues ancillary to the issues of the principal judgment. This court, in Board of Commissioners of Rogers Co. v. Baxter, 113 Okla. 280, 241 P. 752, lays down the rule in case of reversal on appeal to the Supreme Court, that the cause of action accrues at the time that the mandate of the Supreme Court is spread of record in the trial court from which it was appealed.

Tested by these standards, it appears that the law in this case is that the action was too late on the original supersedeas bond, as the cause of action accrued against the sureties on the supersedeas bond in the year 1921, and the action was brought in 1927. An intimation is carried in some of these cases that the liability in this case should be against the sureties on the injunction and supersedeas bonds given in the last case, that was affirmed in 1927. This feature of it, however, we do not pass upon, leaving it for future consideration if required so to do.

The cause is reversed, with directions to grant a new trial, and to proceed in accordance with the views herein expressed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent. McNEILL, J., dissents.