## RATLIFF, Sheriff, et al. v. LAMAR.

No. 21791.  Feb. 20, 1934.

Rehearing Denied March 20, 1934.

R. E. Bowling, for plaintiffs in error.

Glasco & Glasco, for defendant in error.

PER CURIAM. On the 15th day of March, 1927, the W. T. Rawleigh Company recovered a judgment in the district court of Garvin county against S. E. Patton and others. Executions issued from the district court of Garvin county upon this judgment to the sheriffs of Garvin, McClain, and Pontotoc counties were returned indorsed "no property found." On the 6th day of April, 1929, the said S. E. Patton became the owner of a one-half interest in the land involved in this action by virtue of a deed duly recorded in the office of the county clerk of McClain county, Okla. On the 14th day of May, 1929, the said S. E. Patton and Pearl Patton, his wife, executed and delivered to their daughter, Molice Patton, a warranty deed to their one-half interest in the land. On July 18, 1929, Molice Patton executed and delivered to the plaintiff, W. D. Lamar, a warranty deed to the land. After the deed was executed and delivered to Molice Patton and before the execution

and delivery of the warranty deed by Molice Patton to the plaintiff, a transcript of the judgment which had been rendered in Garvin county was filed in the district court of McClain county.

In September, 1929, the W. T. Rawleigh Company caused an execution to be issued out of the district court of McClain county, and the sheriff of McClain county levied it upon the property in controversy as the property of S. E. Patton, and on September 30, 1929, the plaintiff filed in the district court of McClain county a suit to enjoin the sale of said land under said execution and to quiet title in himself. Upon the trial of the cause judgment was rendered in favor of the plaintiff, enjoining the defendants from proceeding with the sale and quieting the title in the plaintiff. A motion and supplemental motion for a new trial were filed within due time, both of which were overruled and exceptions allowed, and the case is now before this court for review upon petition in error.

Counsel for the defendants in their brief present two propositions: First, that under the evidence adduced at the trial judgment should have been rendered by the lower court in favor of the defendants and not in favor of the plaintiff; and second, that the plaintiff had an adequate remedy at law, and therefore was not entitled to maintain this action. Counsel for the plaintiff contends that even though the conveyance by S. E. Patton and his wife to their daughter, Molice Patton, was for the purpose of delaying, cheating, or defrauding his creditors, the plaintiff had no knowledge of this fact, that he purchased the land in good faith, for a valuable consideration, and that he is therefore an innocent purchaser for value.

The evidence in the case is to the effect that the plaintiff was not intimately acquainted with S. E. Patton; that he paid $30 per acre for the land in question, more than the land was really worth; that because of the fact that it was located in his pasture he paid this price for it; that after he had decided to purchase the land, provided the title was good, he caused an abstract to be made; that he caused the abstract to be examined by an attorney; that he was advised by said attorney that the title was good; and that the attorney who examined the abstract found nothing in the chain of title that would cause him to conclude that there was anything wrong with the title to this land.

While a transcript of the judgment against Patton had been filed in the district court of McClain county, this had not been done until after the legal title had been vested in Molice Patton. There was nothing to show notice to the plaintiff of any fraud in that conveyance. This court, in State ex rel. Mothersead, Bank Com'r, v. Mobley et al., 112 Okla. 152, 241 P. 155, held:

"In an action to set aside a conveyance as in fraud of creditors the fraud must be clearly and satisfactorily proven, and will not be implied from doubtful circumstances which only awaken suspicion."

We, therefore, hold that the plaintiff in the purchase of this land was an innocent purchaser for value, and without notice or knowledge of any fraud upon the part of S. E. Patton, or his daughter, Molice Patton.

As to the second proposition raised by the defendants, they maintain that the plaintiff had an adequate remedy at law. They cite authorities to the effect that the powers of a court of equity cannot be invoked where it is clear from the facts pleaded in the petition that the plaintiff has a plain and adequate remedy at law. We agree that this is the general rule, but we do not agree that the plaintiff in this case had a plain, complete, and adequate remedy at law. Counsel for the defendants assert that the plaintiff could have gone into the district court from which the execution was issued and objected to the confirmation of the sale. They quote in support of that contention a part of the first paragraph of the syllabus in Skinner v. First Nat. Bank of Davis, 135 Okla. 61, 273 P. 893, as follows:

"Where real estate is sold at sheriff's sale, under execution issued on a dormant judgment, the dormancy of such judgment appearing on the face of the proceedings, it is not error on the part of the court to deny confirmation even though no objection is made thereto by the judgment debtor. * * *"

In that case a motion for confirmation of sale had been filed and the First National Bank of Davis, claiming to be a creditor of the defendant, filed objections to the confirmation. The bank was not a party to the suit, but based its right to object to the confirmation on the sole ground that it was a creditor of the United Mine & Milling Company. The trial court sustained the protest of the bank and overruled the motion to confirm, but the ruling was based upon the theory that the judgment was dormant, that no execution could have been legally issued thereon, and, in the body of the opinion, page 61, this court used the following language:

"Plaintiff in error contends that, even though it is conceded that the judgment was

dormant at the time of the issuance of the execution, the bank, being a stranger, could not legally raise this question. With this contention we agree. But an inspection of the record readily discloses the dormancy of the judgment. We are, therefore, of the opinion that the court, upon its own motion, might rightfully deny confirmation."

Thus we reach the conclusion that under the authority from which the defendants quote, the plaintiff, not being a party to the judgment upon which the execution was issued, was not in a position to be heard upon objection to the confirmation of the sale, and that therefore he had no adequate remedy at law. This court, in the case of Love, Sheriff, et al. v. Cavett, 26 Okla. 179, 109 P. 553, held that injunction was a proper remedy. The facts in that case are similar to the facts as shown by the record in this case.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge W. J. Crump, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.