THE STATE OF KANSAS, *ex rel.*, PATRICK M. HENRY v. HIRAM MCARTHUR, Clerk, *Respondent.*

*Motion for a Writ of Mandamus.*

1. JUDGMENT.—The final determination of an action, whether it be by proceedings formally known as equitable or at common law, is by our code a judgment.
2. LIFE OF:—Such judgment becomes dormant after the lapse of five years without execution, and must be revived before execution or order of sale can issue.*

The facts of the case appear in the opinion of the court.

*John Guthrie*, for relator, submitted:

*1. JUDGMENT: ORDER OF SALE: MANDAMUS.—The civil code in defining a judgment [ ¿ 395, code '68; ¿ 380, code '59,] and applying the word to all final determinations of actions, abrogates many of the old distinctions between judgments and decrees, and semble, the provisions relative to the revivor of judgments, [¿ 445, code '68; ¿ 434, code '59,] apply to final determinations in actions to foreclose mortgages; and an application for a writ of mandamus, to compel the clerk of the district court to issue an order of sale on a decree of foreclosure of a mortgage, lying more than five years without execution issued, refused.

2. PROCEEDINGS ON DORMANT JUDGMENT.—All proceedings upon a judgment, while dormant are void.

1.   A judgment of foreclosure is not within the intent of section 434 of the civil code of 1859, [*Comp. L.;* 194.] This section only applies to judgments at law. This is evident by the preceding section providing when lands shall be bound for a judgment.   In case of a decree or foreclosure of a mortgage, the land is bound from the delivery of the mortgage.   The proceedings under executions on the one hand and orders of sale on the other are very different.   *See* §§ 430, 434, 407, 408, 621, *Civil Code*, 1859; *Nash's Pl. Pr.*

2.   A fair construction of the provisions of the code applicable to this subject, taken together, will not apply the provisions of section 434, to the decree of foreclosure provided for.   This appears to have been the practice here, and the doctrine in Iowa.   *Hendershott v. Ping*, 24 *Iowa*, 136; *see also Hembold v. Mann*, 4 *Whart.*, 410.

3.   The case is not out of court, until the proceedings and record are completed by the issue of an order, sale, and return of the proceedings into court.   *Nash's Pl. Pr.*, 584.

4.   Besides, the effect of this statute may be waived. [*Pierce v. Crane*, 4 *Pr. R.*, 257; *Hulbert v. Fisher*, 3 *Code R.*, 55.]   It is not, therefore, competent for the clerk to set as an umpire between the parties.   His duty is to obey the precipe; any other construction makes him a judicial officer.

*No brief* for respondent.

*By the Court,* KINGMAN, C. J.

The affidavit of the relator shows that, on the 31st day of October, 1860, he recovered a judgment against one B. Thomas, for $408 and costs, in the district court

of Shawnee county; that one of the causes of action on which said judgment was rendered, was a mortgage executed by the said Thomas to the respondent; that said judgment foreclosed the equity of redemption of said Thomas in certain real estate therein described, and the same previously mortgaged, and ordered the same to be sold to satisfy the judgment; the affidavit further shows that the debt remains unpaid, and that no appeal has been taken; and that on the 29th day of December, 1868, the relator filed, in the clerk's office of the district court, a precipe for a copy of the order of sale aforesaid, to be delivered to the sheriff of Shawnee county, and tendered the necessary fees for the same; and that the respondent, who is clerk of said court, refused to make out and deliver said copy to the sheriff, because more than five years had elapsed since the rendition of the judgment. The relator, on this showing, asks for a mandamus directing the issue of the order of sale.    Is he entitled to it?

JUDGMENT.          Section 395 of the civil code, corresponding with section 380 of the code in the compiled laws, defines " a judgment as the final determination of the rights of the parties in an action."    Whatever was the definition of a judgment at common law, and whatever distinctions existed between a judgment and a decree under the old systems of practice, the section above quoted is decisive as to what is a judgment, under the code, and and it makes no difference whether it is what would formally be called a judgment, an order, or a decree.    The action of the court in the case of the relator, in 1860, was a final determination of the rights of the parties, and consequently was a judgment.

REVIVAL OF.          Section 445 of the code corresponding with section 434, in the compiled laws, prescribes that if execution shall not be sued out within five years

from the rendition of the judgment, such judgment shall become dormant. At the common law a plaintiff could not have execution after a year and a day passed, but he was put to his action of debt upon the judgment. [*Co. Litt.*, 290–6.] This principle is changed by our statute, which provides that if five years intervene the judgment becomes dormant; and then provides the way and manner in which it may be revived. All proceedings upon the judgment while it is dormant are void and will be set aside. This seems one of the general rules. [*Field's Pr.*, 935; 2 *Saunders*, 71, 4; 3 *Caine's R.*, 270; 4 *Ohio R.*, 466.] The law presumes the judgment satisfied, and will not permit the judgment debtor to be disturbed by execution, until the judgment is revived. These conclusions seem to be decisive of the case at bar, nor do we perceive how they are to be avoided, either upon reason or authority; nor do we see how the case is affected should it be admitted that the action, being in part for the enforcement of the mortgage lien, the lien still exists unless it has been satisfied; for then the question as to whether the lien has-been satisfied, can only be tried by such proceedings as are provided by the code for the revivor of dormant judgments, proceedings in which the parties interested may appear and assert whatever rights they have, and have them determined by due course of law. We do not intend to express any opinion as to whether the lien continues to exist, only to say, in answer to the suggestion of the counsel for the relator, that it would not change the necessary conclusion we have reached, even if that proposition were conceded, as the execution would have no legal vitality if issued. The mandamus must be refused.

All the justices concurring.