THE STANDARD IMPLEMENT COMPANY v. GEORGE W. STEVENS, *as Sheriff of Barber County, et al.*

1. CONTINUANCE — *Another Action Pending — Discretion of Court.* A trial court has ample power, where it is apparent that injustice may be done, to grant a continuance in a case called for trial, when the judgment of another case pending in the supreme court for review is about to be used as conclusive evidence of an estoppel.

2. REPLEVIN — *Discretion of Court Abused.* Where an action of replevin was brought by a plaintiff against a defendant, and the defendant files an answer alleging former judgments between the same parties as *res adjudicata*, and the plaintiff has taken those cases upon proceedings in error to the supreme court for review, and has given sufficient *supersedeas* bonds, and has also obtained an order from the district court rendering the judgments "staying all things, pending the determination of the supreme court in the actions," and the plaintiff applies to the trial court for a continuance until such proceedings in error are disposed of, and, after this motion is overruled, asks permission to dismiss the case without prejudice, and after this is also overruled, is defeated on the trial upon the plea of *res adjudicata* by the former judgments, *held*, that the plaintiff's rights were prejudiced by being forced into trial, and that the trial court abused its discretion in not continuing the hearing of the cause until after the cases pending in the supreme court were determined.

*Error from Barber District Court.*

THIS was a replevin action, brought on the 17th day of April, 1889, by *The Standard Implement Company* against *George W. Stevens,* as sheriff, for the recovery of $1,800 worth of personal property, consisting of agricultural implements, buggies, etc., obtained by L. M. Spencer from the Standard Implement Company. George W. Stevens, the sheriff, filed an answer alleging that he held the personal property under two orders of attachment, pending in the district court of Barber county, in favor of the Parlin & Orendorff Company against L. M. Spencer. The Parlin & Orendorff Company, the party really interested, filed an answer containing a general denial, and also the plea of *res adjudicata,* on account of certain proceedings in the district court of Barber county between that company and L. M. Spencer and the Standard Implement Company, wherein certain orders of attachment levied upon the goods and chattels described in plaintiff's petition in this action were sustained, and the claim of ownership of the Standard Implement Company denied. On the 24th of November, 1890, the Standard Implement Company filed its motion to continue the hearing of the cause during the pendency of the proceedings in error in the supreme court of this state, referred to in the answer of the Parlin & Orendorff Company. This motion was overruled. Soon afterward the Standard Implement Company moved for leave to dismiss this cause without prejudice. The court also overruled this motion. Thereupon the case proceeded to trial before the court with a jury. The court instructed the jury as follows:

"Under the pleadings in this case, the Standard Implement Company admits that the questions involved in this action have heretofore been submitted to a jury, a verdict returned, and the court pronounced judgment thereon. This constitutes in law what is known as *res adjudicata,* and you are instructed to find a verdict for the defendants."

The jury returned a verdict against the Standard Imple-

34—51 KAS.

ment Company and in favor of the defendant George W. Stevens, as sheriff, and the Parlin & Orendorff Company, and assessed the value of the property at $1,800. The Standard Implement Company filed its motion for a new trial, which was overruled, and judgment was entered upon the verdict. The plaintiff company excepted, and brings the case here.

*Overstreet & Denton,* and *R. O. Boggess,* for plaintiff in error:

We submit that the court erred in overruling the demurrer of plaintiff in error to the second paragraph of defendant's amended separate answer, for the reasons following: The Parlin & Orendorff Company was not a necessary party to this action; consequently the plea of *res judicata* by it and as to it alone was not a defense to the action. The defendant Stevens, the original defendant, and the only party made a defendant by plaintiff, did not join in that answer, and could not introduce evidence under or take any benefit from the allegations of that answer. A defendant cannot plead or answer for a codefendant. *De Forest v. Jewett,* 1 Hall, 137. Where only one of two defendants pleads a former adjudication as to him, the plea is bad. The separate general demurrer of one defendant will not be sustained, because the petition does not state facts sufficient to constitute a cause of action against a codefendant. *Bennett v. Preston,* 17 Ind. 291; *Berkshire v. Shultz,* 25 id. 523; *Hill v. Marsh,* 46 id. 218; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kas. 135.

The plea of *res judicata* was bad: 1st. Because there was no "identity of the causes of action." In this action, being replevin, the gist of the action is the wrongful detention of the property; it is a suit for the possession of the property. *Holmberg v. Dean,* 21 Kas. 73. 2d. There was no identity of persons and identity of parties to the action. The Standard Implement Company was not a party to actions Nos. 1447 and 1450, and the Parlin & Orendorff Company was not a party to the Standard Implement Company's motion filed in those actions. *Grocery Co. v. Records,* 40 Kas. 215. See, also, *Ratzer v. Ratzer,* 2 Abb. N. Cas. 461; *Nichol v. Mason,*

21 Wend. 339; *Wood v. Lake,* 13 Wis. 84; note to *Beyers-dorf v. Sump,* 12 Am. Rep. (Minn.) 678; *America &c. Co. v. Clark,* 123 Ind. 230.

The court erred in overruling plaintiff's motion for a continuance, as contended by its sixth assignment of error. Under § 316 of the code, the court may continue an action for any good cause. The motion for a continuance set forth the condition of causes 1447 and 1450 and the issues in this cause, and asked that the trial of this cause be continued until the determination of the former causes by the supreme court. The determination of those causes would substantially settle the controversy in this action, and we insist that, under the circumstances and facts, it was an abuse of judicial discretion to force this cause to trial pending the appeal of the former causes.

*E. Sample,* and *Chester I. Long,* for defendants in error:

The question was raised in the court below that the decisions in those cases were on motions, and consequently were not *res judicata.* This court has decided differently, holding that a decision on a motion is *res judicata. Hoge v. Norton,* 22 Kas. 374; *Comm'rs of Wilson Co. v. McIntosh,* 30 id. 234.

Plaintiff in error claims that those two cases having been appealed before this case was tried in the lower court, that the judgments rendered therein could not be pleaded as *res judicata.* An appeal from a judgment does not vacate it, and, until vacated or reversed, it can be pleaded in bar. *Mc-Murray v. Stanley,* 6 S. W. Rep. 412; Freem. Judg., § 328.

It is perfectly proper that every litigant have his day in court, but the Standard Implement Company has had more than its share. It has had its day in court in No. 6401, and again its day in court in No. 6478, and it was attempting to have its third day in court in this action, when the court below called a halt, and determined that all things must have an ending. We claim that, independent of the question of *res judicata,* under the decision of this court in *Hoisington v. Brakey,* 31 Kas. 560, the court should not further be annoyed

by the Standard Implement Company in litigating the question of their good faith in taking these goods from L. M. Spencer.

The opinion of the court was delivered by

HORTON, C. J.: This action was disposed of in the trial court upon the ground that judgments involving the same property had recently been rendered in two prior actions against the Standard Implement Company and in favor of the Parlin & Orendorff Company in the district court of Barber county. It appears from the record that, prior to the trial of this action, both of these cases were taken by the Standard Implement Company, upon proceedings in error, for review to this court, and were pending in this court at the time of the trial. In each of those cases *supersedeas* bonds were filed by the Standard Implement Company in the district court of Barber county, and the court of that county entered an order in each case providing that

"All the proceedings under and by virtue of said judgment or order as aforesaid be in all things stayed, pending the decision of the supreme court in said action, and that said Standard Implement Company lose no rights by reason of said judgment, nor said Parlin & Orendorff Company acquire any rights by reason of said judgment, pending the decision of said action in the supreme court."

We think that the motion for continuance made by the Standard Implement Company until the cases pending in this court were finally determined should have been sustained. It was recently said by this court, in *Willard v. Ostrander*, ante, p. 481, that

" We are unable to find any language used by the legislature which seems to us to imply that a stay of execution has any other force or effect on the judgment than simply to prevent its enforcement by execution. On the contrary, as a determination of the rights of the parties, it remains in full force pending the proceedings here. It is apparent that this construction of the law may work hardship in some cases. The trial courts, however, have ample power, when it is ap-

parent that injustice may be done, to grant continuances until a case pending in this court, sought to be used as a bar or estoppel, is determined; and it would seem to us that, where an appeal to this court has been taken in good faith, and a sufficient bond to stay execution has been given, if the introduction of the judgment in another case would have the effect, as in the case now before us, to permit the party holding the judgment, through the medium of another action, to collect that judgment, that the trial court should always, on the proper showing being made, continue the trial until after the case pending here is determined.    Only in this way can full justice be done."

The judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.