THE CITY OF TOPEKA v. PLEASANT SMELSER.

No. 176.

1. APPELLATE PROCEDURE — *refusing new trial assigned as
error, raises for review questions raised by motion for new
trial.* Where one of the errors alleged to have been committed
by the court below is the overruling of a motion for a new trial,
and one of the grounds upon which a new trial was asked was the
" proceeding with the trial of said cause over the objection of the
defendant, and while said case was pending and undetermined in
the Supreme Court, as set forth in said defendant's motion for a
continuance," the question whether the case should have been
continued is sufficiently raised to authorize its review by this
court.

2. ———— *mere pendency of error to reverse order granting new
trial does not give right to continuance below.* The institution
of a proceeding in error in the Supreme Court does not, of itself,
operate to suspend further proceedings in the case in the court
below; nor does it entitle the plaintiff in error, as a matter of
right, to a continuance in the court below until said proceeding in
error is disposed of.

Error from Shawnee Circuit Court. Hon. J. B.
Johnson, Judge. Opinion filed April 30, 1897. *Af-
firmed.*

In this action, brought against the City of Topeka
to recover damages for injuries resulting from negli-
gence, a verdict had been rendered for the City, but
the court below had granted a new trial, and, except-
ing to the order granting a new trial, the City had
filed in the Supreme Court a petition in error, which
was pending there when, at a subsequent term of the
court below, the case again came to trial in April,
1892. The City filed its motion for a continuance
until the final determination of the proceeding in er-
ror in the Supreme Court, but the motion was over-
ruled; whereupon the City excepted, and refused to
participate in the trial. There was a verdict for the
plaintiff for four hundred dollars, upon which judg-

96        City of Topeka v. Smelser.

N. Dept.            Opinion.   Wells, J.            5 Kan. App.

ment was entered. The City filed its motion for a new trial, assigning as a ground therefor the refusal of the continuance. The motion was overruled, and the City brought this proceeding, assigning as one error the overruling of that motion. The former petition in error was transferred by the Supreme Court to this court, and, in April, 1896, the order there complained of was affirmed.

*W. A. S. Bird*, City Attorney, for plaintiff in error.
*P. L. Soper*, and *W. H. Cowles*, for defendant in error.

WELLS, J. The only question presented for our consideration by the brief of the plaintiff in error is, that the court erred in proceeding with the trial of this cause in the court below while the petition in error was pending in the Supreme Court to reverse the order sustaining the motion for a new trial after the first trial of this cause.

On the part of the defendant in error, we are met by an objection to a review of the action of the court in overruling the motion for a continuance because, as it is claimed, that error is not sufficiently alleged in the petition in error.

The seventh assignment of error in the petition is the overruling of the motion for a new trial, and the second ground alleged in the motion for a new trial is: "In proceeding with the trial of said cause over the objection of the defendant, and while said case was pending and undetermined in the Supreme Court, as set forth in said defendant's motion for a continuance." We think this is sufficient.

This leaves for our consideration only the simple question as to whether the court committed reversible error in not granting the continuance asked for.

We are referred by the plaintiff in error to *Implement Co. v. Stevens*, (51 Kan. 530,) as all that is necessary to be cited in this case ; but we fail to find that case decisive of this.    In that case, the plaintiff brought an action of replevin to recover certain personal property from the sheriff, who held it under certain orders of attachment.    The attaching creditors pleaded as *res judicata* the judgment in another action sustaining their attachment and denying the claim of the plaintiff's right thereto ; whereupon, the plaintiff filed its motion for a continuance of the cause during the pendency of the proceedings in the Supreme Court to reverse the order referred to by the attaching creditors. A supersedeas bond had been given and an order made, by the District Court which had rendered the judgment pleaded as *res judicata*, staying all things pending the determination of the Supreme Court; and the Supreme Court held that the trial should have been continued.

In that case, a judgment in a different action was pleaded as *res judicata* between some of the same parties, and about the title to the same property.    A supersedeas bond had been given, and an order staying proceedings in the lower court obtained.    In this case, it is a proceeding in error in the same case that was so pleaded, and no bond had been given nor order staying proceedings obtained.

In *C. B. U. P. Rld. Co. v. Andrews, Adm'r*, (34 Kan. 563,) it was held that, " the institution of a proceeding in error in the Supreme Court does not of itself operate to suspend further proceedings in the case in the court below."

Paragraph 1930, General Statutes of 1889, gives the Supreme Court full power to make an order suspending further proceedings in the court below on such

terms as may be just; but unless some order is made, the court below has full power to proceed with the case.

No error appearing in the record, the judgment of the court below is affirmed.