CHARLES T. KILLEN v. THE NEBRASKA LOAN AND
TRUST COMPANY *et al.*

**No. 13,715.**   ( 78 Pac. 159.)

SYLLABUS BY THE COURT.

JUDGMENTS — *Dormancy.*   A judgment or decree for the sale of
· specific real property to pay a debt becomes dormant by the
lapse of five years without process being issued thereon.   The
case of *The State v. McArthur,* 5 Kan. 280, approved and followed.

Error from Rawlins district court; ABEL C. T. GEIGER, judge.   Opinion filed October 8, 1904.   Reversed.

*Dempster Scott,* for plaintiff in error.

*Fred Robertson,* for defendants in error.

The opinion of the court was delivered by

MASON, J. : An action brought to foreclose a real-estate mortgage resulted in a final judgment, or decree, for the sale of the property to satisfy the debt. No process on such judgment or decree was issued for over five years.   Then an order of sale was taken out, under which a sale was made, which the court confirmed.   This proceeding is brought to set aside the order of confirmation.

The only question presented is whether the act of

the court upon which such order of sale was based is to be regarded as a judgment within the meaning of section 445 of the code of civil procedure (Gen. Stat. 1901, § 4895), which provides that if execution be not sued out within five years from the date of a judgment, or if five years shall intervene between the date of the last execution and the time of suing out another writ, such judgment shall become dormant.

The supreme court of Ohio holds that this provision has no application to a decree in equity for the sale of specific property. (*Beaumont et al. v. Herrick*, 24 Ohio St. 445; *Moore v. Ogden*, 35 id. 430.) These decisions have been followed in Nebraska. (*Herbage v. Ferree*, 65 Neb. 451, 91 N. W. 408.)

The contrary doctrine is announced in *Stout v. Macy*, 22 Cal. 647; *Hughes, &c., v. Shreve, &c.*, 3 Metc. (Ky.) 547; and *The State v. McArthur*, 5 Kan. 280. The last-named case has frequently been cited with approval as authority for the proposition that, under the code, the term "judgment" is broad enough to include a decree in equity under the old practice. (1 Freem. Judg., 4th ed., § 14; 1 Black, Judg., 2d ed., § 1; 11 Encyc. Pl. & Pr. 809; 17 A. & E. Encycl. of L., 2d ed., 762.) It was overruled by the original decision in *Watson v. Iron-works Co., ante*, page 43, 74 Pac. 269, where the arguments on both sides of the question were fully presented in the opinion of the court, written by Mr. Justice SMITH, and the dissenting opinion, written by Mr. Justice BURCH. In the final decision, however, made at the present session, upon a rehearing (*ante*, page 61), the majority of the court adhere to the view taken in the earlier case (*The State v. McArthur, supra*). In harmony with that expression, it must be held that the judgment here involved was dormant when the order of sale was issued,

and that the sale made under it should have been set aside.

The judgment is reversed, and the cause remanded for further proceedings in accordance herewith.

JOHNSTON, C. J., BURCH, ATKINSON, JJ., concurring.

Justices SMITH, CUNNINGHAM and GREENE dissent, for the reasons given in the first opinion in the case of *Watson v. Iron-works Co.*, *supra*.