STATE *ex rel.* HOGAN *et al.* v. DISTRICT COURT OF THIRTEENTH
JUDICIAL DIST. *et al.*

No. 1408. Opinion Filed March 8, 1910.

(108 Pac. 375.)

**APPEAL AND ERROR—Stay of Proceedings.** The institution of a
proceeding in error in the Supreme Court to reverse an order
granting a new trial does not of itself, without a supersedeas
bond or order of the Supreme Court staying proceedings, oper-
ate to suspend further proceedings in the case in the court be-
low, nor does it entitle the plaintiff in error, as a matter of
right, to continuance in the court below, until said proceeding
in error is disposed of.

(Syllabus by the Court.)

Application by the State, on the relation of Daniel W. Hogan
and others, for writ of prohibition to the District Court of the
Thirteenth Judicial District and others. Writ denied.

*Fred S. Caldwell,* for petitioners.
*Thorp & Thorp,* for respondents.

HAYES, J. This is an original proceeding in this court, on
the relation of Daniel W. Hogan and others for a writ of prohibi-
tion, prohibiting and restraining the district court of the Thir-
teenth judicial district and George W. Clark, judge thereof, from
proceeding to try a certain cause in that court. On the 30th day
of September, 1907, Thomas J. Bailey filed in the district court
of Oklahoma county his action against relators to cancel and set
aside a certain trust deed. A trial in that cause resulted in a
judgment for relators, but upon motion of plaintiff therein a new
trial was granted. From the order granting a new trial, relators
appealed to this court, where said appeal is now pending. No
*supersedeas* bond has been filed in that proceeding, and no order
obtained from this court staying the proceedings therein. The
cause has been set down for trial in the lower court, and respond-
ent, as judge of that court, is about to proceed to try the same in
compliance with the order of that court granting a new trial. The

sole question of law presented by this preceeding is whether under the statutes of this state a proceeding in error from an order granting a new trial without a *supersedeas* bond. and without any order of the Supreme Court staying proceedings in the cause, operates to stay all proceedings in the case in the court below, and to entitle, as a matter of right, those appealing from such an order to a continuance until their proceeding in error is disposed of.

Section 6078, Comp. Laws Okla. 1909, provides that no proceeding to reverse, vacate, or modify any judgment or final order rendered in the county court or district court, except in two certain named classes of cases, shall operate to stay executions, unless the clerk of the court in which the record of such judgment or final order shall be, shall take a written undertaking, to be executed on the part of the plaintiff in error to the adverse party, with one or more sufficient sureties, conditioned as by said section provided.

Section 6084 reads:

"Execution for the judgment or final order of any judicial tribunal, other than those enumerated in this article, may be stayed on such terms as may be prescribed by the court or judge thereof, in which the proceedings in error are pending."

These sections of the statutes were adopted by the Territorial Legislature from the state of Kansas, where they had received construction by the highest appellate court of that state before their adoption.

In *Central Branch Union Pacific Ry. Company v. Andrews et al.,* 34 Kan. 563, 9 Pac. 213, while an appeal was pending in the Supreme Court taken from a judgment against the railway company, plaintiff died, and defendants in error were appointed administrators of his estate. Thereafter they prosecuted the suit to a judgment in their favor. On the last appeal the railway company questioned the jurisdiction of the trial court to make the order appointing defendants in error administrators during the pendency of the preceding appeal. The court said:

"Does the institution of a proceeding in error to reverse a judgment or final order necessarily operate to suspend the judg-

ment and to stay *all* proceedings in the court below? We think not. At common law the party against whom a judgment was rendered in a civil case was entitled to a writ of error as a matter of right, which, when issued, operated to stay execution, and no bail or security for the prosecution of the writ, or for the payment of the debt and costs, in case the judgment should be affirmed, was required or necessary to stay the execution. Bouvier's Institutes, 545; Powell on Appellate Procedure, 275. In most of the states this rule has been changed by statutory enactments, and these statutes determine the effect of an appeal or proceeding in error. In some states it is provided that the giving of an undertaking will operate to stay the judgment and suspend all proceedings in the court below. The statute in this state does not go to that extent."

After stating the substance of the statute, the court then said:

"In none of the provisions of the Code, however, is the undertaking made to stay any of the proceedings beyond the issuance of an execution to enforce the judgment or final order of the court below. And section 1, c. 21, Gen. St., by implication at least, denies the proposition that the institution of a proceeding in error in this court will operate to stay all proceedings in the district court."

We understand the effect of this decision to be that a proceeding in error by reason of the foregoing provisions of the statute, does not operate to stay all further proceedings in the trial court, unless there be executed by plaintiff in error a *supersedeas* bond, as provided by the statute, or unless some order be made by the appellate court staying proceedings in the lower court, until the determination of the appeal. Such has been held to be the effect of such decision in *City of Topeka v. Smelser,* 5 Kan. App. 95, 48 Pac, 874, wherein the exact question now before us was involved. The decision of the Supreme Court of Kansas made before the adoption of the statute is controlling upon us. Counsel for relators in an exhaustive brief has cited cases holding to the contrary under similar statutes, and we cannot say that we are not more impressed with the cogency and soundness of the reason of some of the cases cited by him than by that of the courts in the foregoing cases. But, for the reason already stated, the construction given by the Kansas court must control. This rule does not,

however, necessarily work any hardship upon relators as contended by their counsel. They have their right of appeal, and may stay procedings in the lower court pending such appeal by obtaining from this court an order to that effect upon such terms as may be just, if upon application therefor they can make it appear that the merits of their appeal and the conditions surrounding the case are such as ought to require the court to exercise its discretion in their behalf.

It follows from the foregoing conclusions that the court below is acting within its jurisdiction, and the writ is therefore denied.

All the Justices concur.