## HOSKINS v. PEAK et al.

No. 13495—Opinion Filed July 1, 1924.

**1. Judgment—Dormant Judgment—Effect of Appeal on Ancillary Matters.**

The limitation provided for in section 695, Comp. Stat. 1921, which reals as follows: "If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered, in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor; provided, that this section shall not apply to judgments against municipalities," is not tolled by an appeal from a final order or judgment rendered subsequent to the principal judgment and on issues ancillary to the issues of the principal judgment.

**2. Mortgages—Foreclosure—Necessary Parties—Holders of Sewer Warrants.**

The rights of the holder of sewer warrants are regulated by article 3, chapter 29, Comp. Stat. 1921, and the satisfaction of the lien provided for is by special assessments to be collected as other taxes requiring the exercise of governmental authority, and such holder is not a necessary party in determining the rights of a mortgagee in foreclosing a mortgage on real estate.

**3. Judgment — Dormancy — Limitation — Effect of Appeal on Ancillary Matters.**

A supplemental order or judgment to the principal judgment on issues not involved in the principal judgment and appealed to ed in the prinicpal judgment and appeler to the Supreme Court does not take the subject-matter of the principal judgment from the statute of limitation as to the principal judgment.

**4. Same—Rights of Innocent Purchasers.**

Title to property held by a grantee of the principal debtor is relieved in equity from any asserted rights upon the part of the owner of the mortgage debt or judgment, where same is dormant.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Nora G. Hoskins against Elizabeth Peak et al. Judgment for defendants, and plaintiff brings error. Reversed.

Chastain Harris & Young, for plaintiff in error.

B. O. Young and Edward Hirsh, for defendants in error.

Opinion by THREADGILL, C. This is an appeal by Nora G. Hoskins, plaintiff in error, plaintiff below, from a judgment in the district court of Oklahoma county, in favor of Dan Morrissey, one of the defendants in error and one of the defendants below, and the parties will be referred to as they appeared in the trial court.

The action was brought February 28, 1921, and was for the purpose of quieting title in certain real estate in Oklahoma county.

The facts involved are substantially as follows:

In 1915, the defendant Dan Morrissey brought suit against D. A. Shriver and his wife to foreclose a real estate mortgage on the land involved in this action, and various other persons were made parties to close out any equities they might have, one of said parties being J. O. Severns of Oklahoma City; said suit being numbered in the district court as 15995, and on February 3, 1915, judgment was rendered in said court against Dias A. Shriver, for $2,333, with interest and attorneys fees, and foreclosing the mortgage lien against all the parties defendant.

On August 7, 1915, an execution against Dias A. Shriver and the property described in the mortgage was issued, and after due notice the property was sold under the execution, and on September 13, 1915, a motion was filed to approve the sheriff's sale. and September 17, 1915, the purchaser, C. W. Flaherty, filed objections to confirmation of sale an the grounds that there were other liens that might constitute priority; other parties whose claims were denied filed objections and one J. B. Sparrow filed objections on the ground that he was the owner and holder of certain sewer warrants against said property and claiming that his lien was prior to the mortgage lien foreclosed under the judgment of February 3, 1915.

The said J. B. Sparrow was not a party to the foreclosure judgment. On April 16, 1918, an order was made overruling the motion to confirm the foreclosure sale and sustaining the motion of Sparrow to vacate the

judgment in so far as it affected his interest and sustaining the objections of said Sparrow to the confirmation of the sale. On May 24, 1918, plaintiff filed his motion to vacate the judgment as to said defendants, not including Dias A. Shriver and his wife. which motion was on same date sustained and permission granted to file a supplemental petition against such defendants and against the defendant J. B. Sparrow. The issues were joined on the priority of the mortgage lien and the sewer warrants lien. The case was tried on February 28, 1918, and judgment was rendered for the plaintiff on his note and mortgage, but decreeing that J. B. Sparrow had a first lien on the property for the payment of the sewer tax warrants. The plaintiff in that suit, Dan Morrissey, appealed from that judgment to this court and the cause was decided against him and affirming the judgment of the lower court on February 27, 1923.

It appears from the record that the plaintiff, Nora A. Hoskins, in this case claims title to the property in controversy by a quit claim deed from Dias A. Shriver, dated December 11, 1920, and she brings this action to quiet her title on the theory that the judgment obtained in the above entitled cause by Dan Morrissey against Dias A. Shriver and his wife was dormant.

She alleges that the said Shriver at the time the quit claim deed was executed to her was a single man. and in the quiet possession of the premises. and that she was given possession and full control of all the rights that go with and are incident to the ownership of real estate; that said D. A. Shriver derived the title from one Anna B. Shriver on October 24, 1917, by a quit claim deed and that he had been in the quiet and peaceable possession of said premises up to the time that he conveyed it by deed to the plaintiff, December 11, 1920, Elizabeth Peak was made a party defendant because she had a quit claim deed to said four acres of real estate dated December 2, 1920. and which was executed by Annabelle Ivy, and she asks that his deed be canceled as a cloud upon her title. Dan Morrissey, Merchants & Planters Insurance Company, and Security Trust Company were made parties defendants, and it is alleged that they procured a judgment against Dias A. Shriver and Annabelle Shriver (Annabelle Shriver being Annabelle Ivy) on February 3, 1915, for the foreclosure of a mortgage against this land, and there has been no execution issued or revival of this judgment as to the said Dias A. Shriver for more than five years since the first execution issued, and said judgment is absolutely barred now

as to the said Dias A. Shriver, and she asks that the judgment be canceled as a cloud on her title. It appears further from the record that at the time plaintiff commenced her suit that one of the defendants was in possession, and she asks for possession against him. The Security National Bank answered by general denial, and by pleading that the original judgment was unsatisfied, and denies especially that the plaintiff has any interest in and to the property and the premises, and denies that D. A. Shriver ever acquired any title to said property by deed from Annabelle Shriver. Elizabeth Peak answered by general and special denial that the plaintiff has any title or that D. A. Shriver had any title to said property, and she states that since December 2, 1920, she has been the owner and in possession of four acres of the said described premises, and that she obtained her title by a quit claim deed from Annabelle Ivy, nee Shriver, dated December 2, 1920, and made of record in the county clerk's office, and she states that the deed claimed by the plaintiff is a cloud on her title to the four acres. and she asks that it be canceled. Dan Morrissey filed an answer consisting of a general denial.

The plaintiff contends that more than five years had elapsed from the time of issuing the last execution under the judgment recovered by said Morrissey on February 3, 1915, to the time of her purchase December 11, 1920, and that said judgment had become dormant and the lien of Morrissey thereon had been lost. The action was one of equitable recognizance, and upon hearing the issues the trial court refused to quiet title in plaintiff, and the plaintiff has brought the cause here by petition in error and case-made.

The assignments of error are as follows:

"1. The verdict is not sustained by sufficient evidence, or is contrary to law.

"2. Error of law, which occurred at the trial, and was excepted to by the plaintiff.

"3. The court erred in its failure to hold that the statute of limitations had run against the defendant, Dan Morrissey, on the judgment rendered on February 3, 1915.

"4. The court erred in holding that the said judgment was not dormant and of no effect and in overruling motion of plaintiff for a new trial."

1. In passing on the assignments above presented it is only necessary for us to consider whether or not the statute of limitation had run against the judgment rendered by the district court of Oklahoma county, February 3, 1915, in favor of Dan Morrissey and against Dias A. Shriver and wife, being

numbered 15995. Plaintiff claims that there was but one execution issued on this judgment and the same was issued August 7, 1915, and that she bought the property from Shriver by a quit-claim deed December 11, 1920, which was more than five years from the date of said execution. The limitation statute, section 695, Comp. Stat. 1921, reads as follows:

"If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered, in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor; provided, that this section shall not apply to judgments against municipalities."

The record in the case of Morrissey v. Shriver et al., No. 10823 in this court (88 Okla. 269, 214 Pac. 702) discloses that there was no appeal from the judgment rendered against Dias A. Shriver and his wife foreclosing the mortgage, and the issues as to this judgment were not involved in the appeal, but only the issues between Morrissey and the interpleader, J. B. Sparrow, however, plaintiff contends that the controversy between the mortgagee and the holder of the sewer certificates and the appeal of this controversy tolled the statutes of limitation as to the judgment and execution against the mortgagor.

We cannot agree with this contention. The judgment pronounced by the court February 3, 1915, in favor of the mortgagee, Morrissey, and against the mortgagor, Shriver, was a final judgment, and execution was issued thereon, and Shriver did not contest the execution, and this judgment was never set aside as to him, and the controversy that arose upon application to confirm the sale under the execution by the objection to confirmation on the part of the purchaser and Sparrow, the holder of the sewer certificates, involved the priority of liens and not the rights of the parties against Shriver. Both parties had a lien on the land of Shriver and he had no defense against either one, but the priority of liens was the question to be determined and Shriver was not interested in this question and not a party in the controversy.

The defendant cites the case of Hutchinson v. Hutchinson, a Kansas case, 141 Pac. 589, in support of his contention that in an equitable action where the judgment is not satisfied time does not run, and this case would be in point if an innocent third party was not affected. This case seems to support the contention of plaintiff. The court stated:

"That there has been no intervention of the rights of innocent third persons. no death or disability of party, no loss of testimony or increased difficulty of defense, no ignorance of facts or rights, no change of conditions or relations upon which to found an estoppel."

And the rule laid down in the first paragraph of the syllabus is as follows:

"The doctrine of laches is equitable in character and mere lapse of time is not a bar to relief when the rights of the parties to the suit have not been prejudicially affected by the delay, the rights of innocent third persons will not be prejudicially affected and nothing has occurred to create an equitable estoppel against the moving party or create an equity in favor of his adversary."

In the case at bar more than five years had elapsed since the sale under the execution of August 7, 1915, when the defendant in the foreclosure action transferred by deed and for a valuable consideration the land in controversy to the plaintiff, Nora G. Hoskins, and as an innocent purchaser for value she would be entitled to invoke the statute of limitation.

2. It must be remembered that the rights of J. B. Sparrow, the holder of the sewer warrants, were regulated by article 3, chapter 29, Comp. Stat. 1921, and his lien was not subject to action and foreclosure as a mortgage lien, and in order to save his rights he was not a necessary party to the action to foreclose the mortgage of Dan Morrissey, nor was it necessary for him to object to the confirmation of the sale under the foreclosure execution. The statute fixed his lien and the city and county officials were charged with the duty of making the annual assessments and collecting the money to satisfy his claim, and in case of foreclosure no action in court was necessary, but a sale could be made through the treasurer's office. If the sale had been confirmed it would have been subject to the rights of Sparrow and the judgment of priority did not add any advantage to what was given by special statute nor did it take any right or advantage from the mortgage or change the force and effect of the judgment. The sewer warrants were based upon a valuable improvement of the real estate and the payments were provided for by the special assessments "to be collected as other taxes." requiring the exercise of government function. so it is apparent that the sewer lien did not depreciate the value of the property or conflict

with the rights of the mortgagee any more than the tax lien.

3. It is contended by the defendants in error that the judgment of February 28, 1919, was supplemental to the judgment of April 3, 1915, and limitation did not commence to run until February 28, 1919. This depends upon the nature of the two judgments as they affect the defendant and the subject-matter of the action. The first judgment was for money due on note and foreclosure of mortgage on real estate, and this judgment was found against the defendant, Shriver, and was not set aside or appealed from by either of the parties. The second judgment was a determination of the priority of liens between the plaintiff and Sparrow, the holder of the sewer warrants, and had no more effect upon the first judgment than if it had been* rendered in an independent action between the mortgagee and Sparrow; and an independent action for the purpose of determining priorities would not have affected the judgment between the plaintiff and Shriver, nor would such action have tolled the statutes of limitations as to this judgment. As we view it, the facts of the judgment foreclosure the mortgage and the proceedings thereafter arising on objections to the confirmation of the sale, it appears that the issues involved in the latter and which were appealed to this court were only ancillary or auxiliary matters, and the issues in the main case were not involved in the trial court or on appeal to this court. Morrissey v. Shriver, 88 Okla, 269, 214 Pac. 702.

The rule applicable in such case is stated in Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209, as follows:

"Matters independent of and distinct from those involved in the appeal are not thereby taken from the jurisdiction of the trial court, but remain under its control, notwithstanding the loss of jurisdiction over the particular question appealed."

In the Kansas case, City of Topeka v. Smelser, 5 Kan. App. 95, we have the same principle as follows:

"The institution of a proceeding in error in the Supreme Court does not of itself operate to suspend further proceedings in the case in the court below, nor does it entitle the plaintiff in error as a matter of right to a continuance in the court below until said proceeding in error is disposed of."

The judgment foreclosing the mortgage was a final judgment, 3 Blackstone Com. p. 398; Carroll v. State ex rel. Mosier, 80 Okla. 89, 194 Pac. 219; Bentler v. Gardner, 58 N. Y. S. 824, and 38 N. Y. 172.

No appeal was taken to reverse this judgment between the mortgagor and the mortgagee and the controversy that arose after the judgment was rendered involved issues ancillary to this judgment and, in our opinion, the statute of limitation would commence to run from the date of this judgment without a compliance with section 794, Comp. Stat. 1921, Bank of Stockham v. Weings, 12 Okla. 502, 71 Pac. 1073; State v. McArthur, 5 Kan. 280; Killen v. Nebraska Loan & Trust Company, 70 Kan. 83, 78 Pac. 159.

We must, therefore, conclude that the judgment in favor of the mortgagee, Morrissey, and against the mortgagor, Shriver, was a dormant judgment and barred by the statute of limitation at the time Shriver sold and surrendered possession of the premises to plaintiff, December 11, 1920.

4. The next question to determine is whether or not the plaintiff can maintain the action to quiet her title. It is conceded that the mortgagor cannot quiet title against the mortgagee. This is upon the broad rule of equity, "that he who seeks equity must do equity." It is also conceded that one who is legally or morally bound to pay the mortgage debt cannot quiet his title against the holder of the mortgage or the judgment This is based upon the rule laid down by this court in Nellis v. Minton, 91 Okla. 75, 216 Pac. 147, following the holding in Gibson v. Johnston, 73 Kan. 261, 84 Pac. 92; and Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806; but the rule laid down in these cases does not apply to the case at bar. There was no legal or moral obligation on the part of the plaintiff to pay the judgment debt. According to the record she bought the land after the statute of limitation had run, and for a valuable consideration, and without any promise on her part, either express or implied, to satisfy the judgment creditor.

Wood on Limitation (4th Ed.) vol. 1, p. 315, after announcing the rule that limitations will not run against a mortgage and in favor of the mortgagor and that a mortgagor cannot for that reason alone quiet his title against the mortgagee without paying the debt, announces another rule in harmony with plaintiff's contention as follows:

"Where a note secured by a mortgage on real property was barred by limitations, a grantee of the principal debtor was entitled to relief therefrom in a suit to quiet title and it was error to deny such relief except upon payment of the principal debt."

In the case of Muhs v. Hibernia Savings & Loan Society, 166 Cal. 760, 138 Pac. 352,

the Supreme Court of California lays down the rule as follows:

"Title to property held by a grantee of the principal debtor is relieved in equity from any asserted rights upon the part of the owner of the mortgage debt."

See, also, Faxon v. All Persons, 166 Cal. 707, 137 Pac. 919.

For the reasons above stated, we think the court committed error in refusing to quiet the title of Nora G. Hoskins, plaintiff, to the land in controversy, and we, therefore, recommend that the judgment of the trial court be reversed and the cause remanded, with instruction to set the judgment aside and enter a decree in favor of the plaintiff quieting her title as against the dormant judgment lien.

By the Court: It is so ordered.