## LOWREY et al. v. BOLINGER.

No. 19928. Opinion Filed March 8, 1932.

John F. Pendleton, for plaintiffs in error.

Sams & Raymond, for defendant in error.

LESTER, C. J. This appeal was filed by the plaintiffs in error on the refusal of the court below to discharge a levy of execution upon the property of the plaintiffs in error. The plaintiffs in error contend that the judgment below had become dormant. and that the levy of execution was without. warrant of authority and, therefore, illegal. The judgment out of which this controversy arose was founded on an original action. filed by the Commerce Trust Company against Frank E. Banowetz, John Lowrey, Vola Lowrey, and the First National Bank of Lenapah, Okla., in the district court of Nowata county, Okla., on the 28th day of February, 1923, the petition appearing in the case-made at pages 2 to 21, inclusive. The defendant First National Bank of Lenapah filed its answer and cross-petition against the defendants John Lowrey and Vola Lowrey for a money judgment and foreclosure of a second mortgage, the same being filed on May 12, 1923, and the answer and cross-petition of the said First National Bank of Lenapah appearing in the case-made herein at pages 42 to 53, inclusive.

Thereafter and on the 4th day of June, 1923, the cause was tried before the district court of Nowata county and judgment rendered for the plaintiff Commerce Trust Company for a money judgment and foreclosure of the first mortgage and judgment in favor of the First National Bank of Lenapah against the defendants John Lowrey and Vola Lowrey for $1,205.03, and interest at 10% from May 7, 1923, and $120.05 attorney fees, and foreclosure of its mortgage subject to the mortgage of the plaintiff Commerce Trust Company. (C.-M. 54.)

Thereafter, and on the 15th day of June. 1923, there was filed in the said action in the district court of Nowata county a journal entry of judgment setting forth all the above facts, which formed the basis of the judgment of June 4, 1923 (C.-M. 56 to 62, inclusive), the journal entry providing for a stay of execution for six months on account of a clause in the mortgages waiving appraisement. (C.-M. 60.)

Thereafter, and on the 18th day of December, 1923, the Commerce Trust Company filed its praecipe for special execution to

246

carry into effect the judgment of June 4, 1923. (C.-M. 63.) The praecipe was not joined in by the cross-petitioner, First National Bank of Lenapah.

There was filed in said cause a praecipe on the 21st day of July, 1928, more than five years from the date of the rendition of the judgment therein, which was June 4, 1923. On the 3rd day of August, 1928, the appellants herein filed a motion for the discharge of the said execution, specially pleading the dormancy of the said judgment and asking that the execution be quashed.

The motion to discharge the execution was filed after the sheriff of Nowata county had made a levy under the said execution upon an automobile belonging to these plaintiffs in error. The sheriff proceeded to sell the car under the execution and made his return before the district court. On the 10th day of August, 1928, upon the motion of these plaintiffs in error to discharge said execution and upon the motion of the defendant in error for the confirmation of the said sale, the district court on the 10th day of August, 1928, made an order overruling the motion for discharge of the execution filed herein by the plaintiffs in error and sustaining the motion of the defendant in error for the confirmation of the said sale, and further holding the execution to be a valid execution, and said final order appearing at C.-M. 108 to 112, inclusive.

The order and execution of sale which issued out of the district court on the 18th day of December, 1923, recites in part:

"* * * And the cross-petitioner, First National Bank of Lenapah, Oklahoma, a corporation, in said court and cause and on the said date, recovered judgment against said principal defendants, John Lowrey and Vola Lowrey, in the sum of $1,205.03, with interest thereon at the rate of 10% per annum from May 7, 1923, until paid, plus $120.05 as attorney fees; and,

"Whereas, on said day, in said court and in said cause, it was further ordered and adjudged by said court and further judgment and decree of foreclosure on the property hereinafter described, was rendered against said principal defendants; and that in the event said principal defendants failed for six months from said 4th day of June, 1923, to pay to said plaintiff and said cross-petitioner the amounts and sums together with interest thereon and attorney fees and the costs of said action, so as aforesaid found to be due from said principal defendants to said plaintiff and cross-petitioners, respectively, an order of sale

issued to the sheriff of Nowata county, in said state, commanding him to advertise and sell, according to law, without appraisement, the following described lands and tenements situated in Nowata county, state of Oklahoma, to wit: The N. ½ of the N. W. ¼ of the S. W. ¼ and the S. E. ¼ of the N. W. ¼ of the S. W. ¼ and the W. ½ of the N. E. ¼ of the S. W. ¼ and the N. E. ¼ and the N. E. ¼ of the S. W. ¼ of section 1, township 27 north, range 16 east. Subject to a first and prior mortgage on said lands in the principal sum of $1,500 and to apply the proceeds arising from said sale:

"1

"In payment of the costs of said action and of such sale.

"2

"In payment of the judgment of plaintiff with interest and attorney fees.

"3

"In payment of the judgment of crosspetitioner B. L. Armstrong, administratrix, with interest and attorney fees.

"4

"In payment of the judgment of the crosspetitioner First National Bank of Lenapah, Oklahoma, a corporation, with interest and attorney fees.

"5

"That the residue, if any there be, be paid out as the court may, from time to time, order and direct.

"Now, therefore, these are to command you that you proceed, according to law, and advertise and sell, according to law, without appraisement, the lands and tenements hereinbefore described, and apply the proceeds arising from said sale as directed by said judgment as aforesaid."

The real estate was sold and purchased by the Commerce Trust Company at a price below the amount due the Commerce Trust and the sale was thereafter confirmed on the 21st day of July, 1928. Sams and Raymond, as attorneys for the First National Bank of Lenapah, filed a praecipe on the part of the cross-petitioner for another execution. This execution was levied upon the property of John and Vola Lowrey as heretofore related, and the principal question involved in this appeal is whether or not the issuance of the execution and order of sale theretofore had on the 18th day of December, 1923, was such as to prevent the judgment from becoming dormant.

In the case of State of Kansas ex rel. Patrick M. Henry v. Hiram McArthur, etc., 5 Kan. 167, it is stated:

"The final determination of an action,

whether it be by proceedings formerly known as equitable or at common law, is by our Code a judgment."

In the case of Watson v. Iron-Works Co., 70 Kan. 61, it is stated:

"After a reargument of the case, the court is of the opinion that the issuance of an order of sale or special execution to carry into effect a decree directing the sale of real estate has the effect to keep the judgment alive, and that such orders of sale are executions within the meaning of section 4895, General Statutes of 1901. The decision in the State v. McArthur, 5 Kan. 280, is followed. This holding would affirm the ruling of the court below sustaining the motion to revive, if the several orders of sale had made reference to the judgment of the Keystone Iron-Works Company against Watson."

In the case of State v. McArthur, supra, the court sets out the definition of judgment as contained in the Civil Code of the state of Kansas, which is as follows:

"A judgment is the final determination of the rights of the parties to an action."

The court further said:

"Whatever was the definition of a judgment at common law, and whatever distinction existed between a judgment and a decree under the old system of practice, the section above quoted is decisive as to what is a judgment under the Code, and it makes no difference whether it is what would formerly be called a judgment, an order, or a decree. The action of the court in the case of the relator in 1860 was a final determination of the rights of the parties, and consequently was a judgment."

Section 662, C. O. S. 1921, defines a judgment as being the final determination of the rights of the parties in an action.

It will be observed that the definition of a judgment under our Code is similar to that of Kansas. It is conceded in this case that the Supreme Court of this state has never had a similar question before it.

The plaintiffs in error state that trial court relied upon the case of Watson v. Keystone Iron-Works Co., supra, but state that the doctrine in said case is unsound.

The judgment rendered by the court on the 4th day of June, 1923, adjudicated the rights of all necessary parties to said action, and when an execution was taken out to satisfy the said judgment, reference was made therein to the judgment in favor of the cross-petitioner, the First National Bank of Lenapah, Okla., and the order of sale followed the terms of the judgment and set out the respective priorities of the several parties to the judgment. The cross-petitioner would have been in no better position to have sued out the execution and order of sale which was issued on the 18th day of December, 1923, than was given them by reason of the fact that the Commerce Trust Company caused the same to be issued. The rights of the parties were adjudicated in the same judgment and the execution and order of sale related to the rights of all the parties thereunder.

The court is of the opinion that the issuance of the order of sale on the 18th day of December, 1923, was such as to prevent the judgment from becoming dormant at the time the second execution was caused to be issued. Judgment is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., absent. KORNEGAY, J., not participating.